THE STATE OF KANSAS v. D. C. McLAFFERTY.

1. INFORMATION—*Description of Defendant.* *Held,* Under the corrected record in this case, that the defendant was properly described in the count of the information upon which he was convicted.

2. INSTRUCTIONS, *Not Misleading.* Certain instructions considered, and *held* not to be misleading or erroneous, when considered with the entire charge to the jury.

3. ORAL STATEMENTS *by Court to Jury — New Trial Denied.* The mere fact that the court made certain oral statements to the jury in relation to their agreeing upon a verdict, after they had retired to consider their verdict and had been returned into court, but did not direct them upon any rule of law involved in the trial, or make any comment upon the testimony, is not such an instruction as is required to be in writing, in accordance with § 236 of the criminal code; and while such statements may be subject to criticism, and ought not to have been made to the jury, still they are not considered sufficiently prejudicial to grant a new trial in a case where, from the entire record, the guilt of the defendant clearly appears.

*Appeal from Shawnee District Court.*

PROSECUTION for the unlawful sale of intoxicating liquor. From a conviction at the April term, 1891, the defendant, *McLafferty,* appeals.

*A. H. Case,* for appellant.

*John N. Ives,* attorney general, and *R. B. Welch,* county attorney, for The State.

Opinion by GREEN, C.: The defendant was tried in the district court of Shawnee county on an information containing three counts, wherein he was charged with the unlawful sale of intoxicating liquors. He was convicted only upon the first count. It is urged that the district court should have sustained a motion for a new trial, for the reason that in the first count of the information the title to the cause was: "The State of Kansas against D. C. McLafferty," while in the body of the information, the defendant was described as "D. C. Lafferty." This objection has been removed by the sugges-

tion of a diminution of the record, by the county attorney, and a correction of the bill of exceptions, which shows that the defendant's name was the same in the first count in the information as in the title of the action.

The appellant objects to the sixth and eighth instructions, and the claim is made that they are erroneous and misleading. The court instructed the jury that proof of a sale of what is generally and popularly known as brandy, wine, lager beer or gin is proof of a sale of intoxicating liquors, within the meaning of the law, and that it was not necessary, in the first instance, for the prosecution to offer evidence of that fact, but that such liquors are presumed to be intoxicating until the contrary is proven. The information charged the sale of all kinds of intoxicants, and, while most of the evidence was to the effect that the defendant sold what was called hard cider, still it was claimed, upon the part of the defendant, that the parties drank some kind of a mixture which they had compounded themselves. This instruction did not prejudice the rights of the defendant.

The court further instructed the jury, that if they should find from the evidence, beyond a reasonable doubt, that the defendant sold, bartered, or gave away, to the persons named in the information, whisky, brandy, wine, beer, gin, or hard cider, or mixtures thereof, and that such persons were minors, it was wholly immaterial whether the defendant had or had not a permit as a druggist. It was clearly established that the defendant did not have a permit. While this evidence was not necessary, in the first instance, the defendant was not prejudiced by it or the instruction. Upon the question of hard cider being intoxicating, this court has held that —

"Hard cider is cider excessively fermented; and therefore, presumptively, hard cider is not only a fermented liquor, but intoxicating. Whatever is generally and popularly known as intoxicating liquor may be so declared as a matter of law, by the courts. Under the statute, all fermented liquor is presumed to be intoxicating; and if the defendant denies that the fermented liquor sold by him is intoxicating, it devolves

upon him to remove the presumption of law, by evidence."
(*The State v. Volmer*, 6 Kas. 371; *Intoxicating Liquor Cases*,
25 id. 751; *The State v. Schaefer*, 44 id. 90.)

We think this instruction was not misleading or erroneous,
when considered with the charge to the jury, as an entirety.

It is next urged that the court erred in making an oral
statement to the jury, after they had retired to consider their
verdict, and had been returned into court. .While this oral
statement made to the jury may be subject to just criticism, it
can hardly be said to be an instruction, in the sense in which
that word is used in § 236 of the criminal code.

"The mere fact that an oral communication has passed from
the court to the jury is not of itself proof that the statute has
been disregarded. The court may properly make oral state-
ments to the jury in reference to the form of the verdict, the
manner in which the trial has been conducted, the behavior
of the jury or counsel or parties, or any other oral statement
which is not fairly and strictly a direction or instruction upon
some question or rule of law involved in or applicable to the
trial, or a comment upon the evidence." (*The State v. Potter*,
15 Kas. 304.)

The record in this case shows conclusively that the defend-
ant was guilty of selling hard cider to three minors, two of
whom were under the age of 14 years, and that each one of
them became intoxicated from drinking this cider; and it does
not show such prejudicial error as to entitle the defendant to
a new trial.

The judgment of conviction should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.