THE STATE OF KANSAS v. ROBERT PIGG.

No. 15,652.  (97 Pac. 859.)

SYLLABUS BY THE COURT.

EVIDENCE—*Judicial Notice—Intoxicating Liquors.* A "Manhattan cocktail" is generally and popularly known as an intoxicating liquor, and no proof of its intoxicating character is necessary in prosecutions under the prohibitory law.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed October 10, 1908. Affirmed.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* assistant attorney-general, and *John J. Schenck,* county attorney, for The State.

*J. R. McNary, F. J. Lynch, George Hayden, R. F. Hayden, E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* for appellant.

The opinion of the court was delivered by

PORTER, J.: The information in this case charged the defendant with a number of unlawful sales of intoxicating liquor, and also with keeping and maintaining a common nuisance under the prohibitory law. The jury returned a verdict finding defendant guilty of three sales, as charged in the eighth, ninth and tenth counts of the information, and of maintaining a nuisance, as charged in the eighteenth count, and not guilty on the other counts.

There is nothing substantial in the claim of error in the admission of testimony. In prosecutions of this kind certified copies of the records of the collector of internal revenue are admissible. (*The State v. Nippert,* 74 Kan. 371, 86 Pac. 478; *The State v. Schaeffer,* 74 Kan. 390, 86 Pac. 477; *The State v. Shook,* 75 Kan. 807, 90 Pac. 234.)

The objection to the question asked of Leona Larson was properly overruled. The question was asked in rebuttal of something first brought out by the cross-examination, and, besides, could not have prejudiced the defendant.

We find no error in the refusal to give the instructions asked. The abstract contains no reference to any evidence tending to show that Grant Richards was a "spotter." In *The State v. Blackman,* 32 Kan. 615, 5 Pac. 173, it was held that a judgment of conviction in a criminal case can not be reversed for any supposed error in the instructions with respect to the evidence of informers where it does not appear that the conviction

might have been founded upon the evidence of an informer.

In the instructions given the jury were charged that: every material fact and allegation necessary to constitute the crime must be proved to their satisfaction beyond a reasonable doubt, and were also instructed. that if they found that the defendant was the proprietor of the place where intoxicating liquor was sold, and that such liquor was in his possession and control as proprietor and was sold with his knowledge and consent, he would be guilty of a sale, although he might not have performed the physical act of handing out the liquor to the customer himself. This instruction, taken. in connection with the evidence, was sufficient. Sheriff Wilkerson testified as to this particular sale, and said that at the moment it was made he was standing with the defendant in a doorway leading into another room. The jury found that the defendant was the proprietor of the place, upon evidence sufficient to support such a finding, and the testimony was that this sale was made by some one, not while the proprietor was absent, but while he was present and when he might have seen all that the sheriff saw. Being the proprietor of the place, the sale was made by some one presumably in his employ.

On the tenth count the state elected to rely upon a sale of two Manhattan cocktails to Leona Larson and Kittie Edie. The precise question raised is that there was no evidence to show that a Manhattan cocktail is intoxicating, and the evidence can hardly be said to have established this fact. The Century Dictionary defines a cocktail as "an American drink, strong, stimulating, and cold, made of spirits, bitters, and a little sugar, with various aromatic and stimulating additions." The particular kind of cocktail under discussion is popularly understood to have taken its name from the island whose inhabitants first became addicted to its use. While its characteristics are not so widely

known as those of whisky, brandy or gin, it is our understanding that a Manhattan cocktail is generally and popularly known to be intoxicating. Apparently the jury held the same view. It has been said by this court:

"Whatever is generally and popularly known as intoxicating liquor, such as whisky, brandy, gin, etc., is within the prohibitions and regulations of the statute, and may be so declared as matter of law by the courts." (*Intoxicating-Liquor Cases*, 25 Kan. 751 [Syllabus], 37 Am. Rep. 284.)

A further contention is that the verdict is insufficient and indefinite, and not in the form required by law. The verdict, omitting the caption, is as follows:

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find the defendant, Robert Pigg, guilty on the eighth, ninth, tenth and eighteenth counts, as charged in the information; and not guilty on the first, second, third, fourth, fifth, sixth, seventh and eleventh counts, as charged in the information.          GEORGE A. ANDERSON, *Foreman.*"

It is insisted that the verdict should contain a separate finding on each count of the information, and that the court in construing it has no power to add thereto anything which the jury has omitted. But it is unnecessary to add anything to this verdict in order to understand definitely the jury's finding. It is plain from the language that the jury found the defendant guilty on four of the counts and not guilty on all the others.

The judgment is affirmed.