PARTRIDGE *v.* STATE.

Opinion delivered November 30, 1908.

1. LIQUORS—SALE BY EMPLOYEE WITHOUT AUTHORITY.—One who was conducting a stand for the sale of lemonade, soda pop and candy at a picnic, and who was not engaged in the sale of liquors, will not be liable for an unlawful sale of liquor made thereat by his employee without his knowledge, consent or connivance. (Page 268.)

2. SAME—UNLAWFUL SALE—DIRECTING VERDICT.—It was error to direct a verdict for the State, in a prosecution for selling liquor without license, where there was evidence tending to prove that the liquor in question was sold by an employee of defendant inadvertently and without authority from defendant. (Page 269.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; reversed.

*John E. Bradley,* for appellant.

No crime is made out, even by the State's own evidence, and appellant's explanation of the presence of the beer in his stand and his purpose in having it there made out a case for the jury. The court's instruction was, therefore, not only an invasion of the province of the jury, but amounted in effect to a denial of the right to trial by a jury. Art. 7, § 23, Const.; 1 Bishop, Crim. Proc., 3d Ed. § 979, *id.* § 989; 16 Ark. 568; 37 Ark. 592; 56 Ark. 391; 43 Ark. 289; 45 Ark. 165; *id.* 492; 57 Ga. 503; 43 Ala. 33; 3 Am. & Eng. Enc. of L. 730-1; 26 Ala. 135; 4 Park. (N. Y.) 527; 25 Ga. 667; 41 N. H. 550; Art. 2 § 10, Const. Ark.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* assistant, for appellee.

Error is confessed. The truth or falsity of the defendant's story was wholly within the province of the jury to determine. Art. 7, § 23, Const.; 37 Ark. 164; *Id.* 239; 34 Ark. 469; *Id.* 743; 83 Ark. 246; 84 Ark. 620.

McCULLOCH, J. Appellant was tried upon an indictment charging him with unlawfully selling intoxicating liquor without license, and the court gave to the jury a peremptory instruction to find him guilty as charged.

The following is the state of the testimony: Appellant was conducting a stand at a picnic in Clark County for the sale of lemonade, soda pop, candy, etc., and employed a salesman named Worley. A witness named Palmer went to the stand in appellant's absence and called for a drink of hop ale, whereupon Worley handed him out a bottle of beer, for which he paid Worley the sum of twenty-five cents. Worley testified that he did not know the bottle sold to Palmer contained beer, and that appellant had employed him to sell for him, but did not give him particular instructions what to sell. Appellant testified that he kept no intoxicating liquor for sale; that he put four bottles of beer in a box at the stand to keep for his own private use, and did not authorize any one to sell it; that the bottles of beer were not put in the ice-box where other cold drinks were kept for sale, and that he intended, when he got ready to drink it, to shave ice in it to cool it. He also testified that Worley and the other salesman in the stand were grown men, and that he supposed they knew better than to sell the beer.

If appellant's statement of the facts was true, he was not guilty of any offense, and he had the right to have the jury pass upon the question. It was error to take the case from the jury.

If appellant kept the beer at his place of business solely for his own consumption, and gave no authority, either express or implied, for its sale, the fact that his clerk sold it by mistake would not render him guilty of the unlawful sale.

The statute under which appellant stands accused provides that it shall be an offense for any person to "sell, either for himself or another, *or be interested in the sale*" of the prohibited liquors, without license. Kirby's Digest, § 5112. This court held that, under a statute making it a criminal offense for any one to sell or to be interested in the sale of intoxicating liquor to a minor, a sale by one partner, in the absence and without the knowledge, consent or connivance of his copartner, rendered both liable criminally for the unlawful act. *Robinson* v. *State,* 38 Ark. 641. The court, speaking through Chief Justice ENGLISH, in giving a reason for a departure from the well-established rule that a person who is not a party to the commission of a criminal offense can not be adjudged guilty of the offense, said: "The law

says to persons wishing to engage in selling spirituous liquors, or be interested in the sales thereof, you must be careful in the selection of your partners, or servants, and watchful of their conduct in your business; for, if they make forbidden sales, you are responsible. You must see that sales, in which you are interested, are not made without license, nor made to minors, without proper permission from their parents or guardians. If you are not willing to engage, or be interested in the business, on these terms, there is no compulsion on you to do so."

There can not be, we think, any application of this rule to a person not engaged nor interested at all in the liquor traffic, whose employee inadvertently or without authority from him makes a sale of liquor at his place of business. In that case he is not interested in an unauthorized sale and does not come within the statute. The case should have been submitted to the jury upon the question whether the sale was made by mistake and without authority from appellant, or whether it was a mere subterfuge to cover an unlawful sale of liquor.

The Attorney General confesses error, and we think his views of the case are correct.

Reversed and remanded for a new trial.