PEOPLE *v.* LIEBIOTKA.

1. CRIMINAL LAW—INTOXICATING LIQUORS—EVIDENCE—ADMISSIONS VOLUNTARILY MADE—APPEAL AND ERROR.

In a prosecution for violation of the liquor law, the admission of testimony by the prosecution as to statements made by defendant to the officers *held*, not reversible error, where said statements do not differ materially from defendant's testimony on the trial, and he does not claim that they were not voluntarily made.

2. INTOXICATING LIQUORS—CRIMINAL LAW—HUSBAND AND WIFE— HUSBAND LIABLE FOR WIFE'S UNLAWFUL ACTS.

Where defendant knew that his wife was making whisky in the home and he made no effort to prevent it, but frequently partook of the liquor that she manufactured, the fact that he was not physically present when the particular batch was made is no defense in a prosecution for violating the liquor law, since, under the circumstances, he is liable for the unlawful acts of his wife.

Error to superior court of Grand Rapids; Dunham (Major L.), J. Submitted October 14, 1921. (Docket No. 187.) Decided December 21, 1921.

Henry Liebiotka was convicted of violating the

liquor law, and sentenced to imprisonment for not less than 1 nor more than 2 years in the house of correction in Ionia.    Affirmed.

*John J. Smolenski,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney (*Fred P. Geib,* of counsel), for the people.

FELLOWS, J.    Armed with a search warrant the police officers of Grand Rapids searched defendant's premises at 620 Dewey avenue in that city.    They found a copper still in operation, two barrels of mash, a twelve-gallon crock full of raisins, sliced lemons, etc., three full gallons of moonshine whisky, a half-gallon jug half full, and some coloring material.    The search was made shortly before noon and defendant was not present when the search began but returned from his work before the officers left.    His arrest was followed by his conviction and sentence and this review upon writ of error.    Two questions only are presented for decision.

1. The people were permitted to prove over the objection of defendant's counsel statements made by the defendant to the officers.    As we understand the objection it is that there was no preliminary showing that these statements were voluntary.    It is a sufficient answer to the objections made to this testimony that the statements made to the officers do not materially differ from defendant's testimony given on the trial; nor does defendant in his testimony make any claim that such statements were not voluntarily made.

2. The defense was narrowed to one point, *i. e.,* that the liquor found by the officers was made by defendant's wife after he had gone to work and before his return and for this reason defendant could not be found guilty.    The still, liquor, mash and other arti-

cles were found in a room off the kitchen, called by some witnesses a bathroom.    Defendant gave this testimony:

"*A*. That room leads off from the kitchen.  I wasn't in there the morning of the 26th.    The last time I was in that room was on the evening before the 26th. There was barrels in that room 'with the mash, stood there in that room.

"*Q*. How many?

"*The Court:* What stood there?

"*A*. Barrels with mash.  I saw one larger barrel and one smaller.    I didn't notice there was anything in them or not.    I could smell it.    *    *    *

"*Q*. What was that mash there for?

"*A*. I knew that my wife was making some of it, and I told her to throw it away long ago, but she wouldn't listen to me.    I knew my wife was making some of it about a month or a little longer, them barrels around there so long.    I knew she had a still, about a month or probably longer.    I knew she made whisky.

"*Q*. Intoxicating liquor?

"*A*. Drink a couple of glass, you won't get drunk.

"*Q*. Would you if you drank more?

"*The Court:* How does he know a person could drink a couple of glasses?

"*A*. When I come home for dinner I always drank a couple of glasses for my health.    No one else ever drank in my house.    If my neighbors came they never drank any whisky by me; never offered them any."

The portion of the charge of the court upon which error is assigned is as follows:

"If those liquors were there in that house, and that was his home, and his wife made it, and if he had been drinking whisky that she was manufacturing, for some time prior thereto, as he himself swore to, I think, then, the possession of that whisky by his wife was his possession, and is all the possession that is necessary to make him guilty in this case.    If you find by the evidence and beyond a reasonable doubt that he knew his wife was manufacturing whisky

there, and that he was in the habit of drinking from one to two glasses of it once, twice or three times a day, if he knew this mash was there, and knew she had been manufacturing it, it would not make any difference whether he was in the house when that was manufactured or not; he would be guilty just the same as though it was there in his possession, because her possession would be his possession."

In the very recent case of *People* v. *Sybisloo, ante,* 1, this court had before it a very similar question. The authorities were there reviewed at considerable length and the conviction was there affirmed. In that case, as here, the defense was made by the husband that the liquor was made by his wife and that he could not be held for her unlawful acts committed in his home. But we there held in approving the charge of the trial court that the husband should be held liable for a violation of this statute if the unlawful acts were committed by his wife with his knowledge and consent and he did not use every lawful and practicable effort in good faith to prevent such acts of his wife. We there pointed out that the offense charged was *malum prohibitum* and not *malum in se* and after reviewing the authorities Mr. Justice SHARPE, speaking for the court, said:

"The rule as stated rests, not on the presumption of coercion of the wife by the husband, but on the authority of the husband as the head of the household to control its affairs and his duty to use all reasonable means to prevent his wife from using the home for a business or purpose prohibited by the statute."

We think the instant case upon principle falls within the rule there announced. Defendant in his testimony admits that he knew that his wife was making whisky and that he frequently partook of the product of her skill and efforts. That he was not physically present

when this particular batch was manufactured is not, under these circumstances, a defense.

The conviction will be affirmed.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.