PEOPLE *v*. McCOY.

1. Intoxicating Liquor—"Cider"—Definition.
   In law "cider" means the fermented juice of apples.

2. Same—"Hard Cider"—Definition.
   "Hard cider" is cider that is excessively fermented, and is presumptively intoxicating.

3. Same—Criminal Law—Unlawful Possession—Trial—Appeal and Error.
   In a prosecution for violating the liquor law (Act No. 53, Pub. Acts 1919), where defendant had in his possession a quantity of hard cider which he claimed he had bought for the purpose of making vinegar, which he had a right to do under section 9 of the act, but which he admitted he had used partly as a beverage, he may not complain that the question of the unlawful possession of it as an intoxicating liquor was submitted to the jury.

4. Same.
   A beverage containing alcohol is intoxicating.

5. Same—Criminal Law—Husband and Wife—Husband Liable for Wife's Unlawful Acts.
   Where defendant had in his home intoxicating wine which he drank as a beverage, the fact that the wine was made by his wife during his absence from home and without his knowledge is no defense in a prosecution for violating the liquor law, since, under the circumstances, he is liable for the unlawful acts of his wife.

Exceptions before judgment from Jackson; Parkinson (James A.), J.    Submitted February 7, 1922. (Docket No. 173.)    Decided March 30, 1922.

Frank McCoy was convicted of violating the liquor law.    Affirmed.

As to what liquors are within statutory restrictions as to the sale of "spirituous" "vinous" "fermented" and other intoxicating liquors, see note in 20 L. R. A. 645.

*James J. Noon* and *F. L. Blackman,* for appellant.

*M. Grove Hatch,* Prosecuting Attorney, and *Arthur W. Wiggins,* Assistant Prosecuting Attorney, for the people.

CLARK, J.    Defendant was convicted of having had unlawfully in his possession certain vinous, fermented, and intoxicating liquors, 30 gallons of cider and 5 gallons of wine, and he has appealed.    He bought a barrel of 50 gallons of cider in October, 1920, and put it in his cellar for the purpose of making vinegar as he claimed.    This he had a right to do.    Section 9, Act No. 53, Pub. Acts 1919.    And he might possess it during the process of fermentation and while it contained aloohol but for the single honest purpose of making vinegar.    But in December he began using it as a beverage and from time to time used in that way about 20 gallons.    He said it "was partly a beverage barrel and partly a vinegar barrel."    There was testimony that the cider was "hard."

The wine was made by defendant's wife during his absence from home and without his knowledge.    But later he learned of it and used part of it, drank it as a beverage.    About February 1st, the liquors were seized by the officers and defendant was arrested. Analysis of the wine showed 12.34 per cent. alcohol by volume.    A sample of the cider was taken about February 14th, analyzed February 16th, and found to contain 8.38 per cent. alcohol by volume.

Cider in law means the fermented juice of apples. *People* v. *Emmons,* 178 Mich. 126 (Ann. Cas. 1915D, 425) ; 11 C. J. p. 764.    Hard cider is cider that is excessively fermented.    It is presumptively fermented and intoxicating.    *State* v. *McLafferty,* 47 Kan. 140 (27 Pac. 843).    Fermented cider was held by this court to be within the class of prohibited intoxicating liquors.    *People* v. *Foster,* 64 Mich. 715; *People* v.

*Kinney,* 124 Mich. 486; *People* v. *Adams,* 95 Mich. 541; 2 Wharton's Criminal Law (11th Ed.), p. 1981.

There being evidence that the cider was hard and that it was being used by defendant as a beverage, he may not complain that the question of the unlawful possession of it as an intoxicating liquor was submitted to the jury. *People* v. *Engle, ante,* 334.

A beverage containing alcohol is intoxicating. *People* v. *Engle, supra;* section 3, Act No. 53, Pub. Acts 1919. The contention of innocence as to the wine is answered by *People* v. *Liebiotka,* 216 Mich. 316, when it was held (quoting from syllabus):

"Where the defendant knew that his wife was making whisky in the home and he made no effort to prevent it, but frequently partook of the liquor that she manufactured, the fact that he was not physically present when the particular batch was made is no defense in a prosecution for violating the liquor law, since, under the circumstances, he is liable for the unlawful acts of his wife."

See, also, *People* v. *Sybisloo,* 216 Mich. 1.

What has been said makes it unnecessary to discuss the other questions presented. We find no error. Conviction affirmed. The court may proceed to judgment.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.