PEOPLE *v.* LANGE.

1. INTOXICATING LIQUORS—EVIDENCE—SUFFICIENCY.

   In a prosecution for violation of the prohibition law under an information containing two counts, viz., manufacturing moonshine whisky, and possession of moonshine whisky, testimony that the officers with a search warrant

On inference of intent to sell intoxicating liquors from possession, see note in 39 L. R. A. (N. S.) 534.

As to criminal responsibility of husband for violation of liquor law by wife, see note in 19 A. L. R. 136.

found on defendant's farm, in his absence, grain mash covered with cornstalks and bean pods, and a barrel containing fermented grain in the haymow under a load of cornstalks, and that defendant's wife broke several bottles some of which contained moonshine whisky, *held*, to present a case for the jury under both counts.

2. SAME—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.

A motion for a new trial on the ground that the verdict was against the great weight of the evidence, *held*, properly denied.

Exceptions before judgment from Eaton; Smith (Clement), J. Submitted June 14, 1923. (Docket No. 107.) Decided July 19, 1923.

Carl Lange was convicted of violating the liquor law. Affirmed.

*Rosslyn L. Sowers*, for appellant.

*Claude J. Marshall*, Prosecuting Attorney, for the people.

FELLOWS, J. The first count of the information charged defendant with manufacturing moonshine whisky, the second with having moonshine whisky in his possession. He was convicted under the second count and the principal error urged by his counsel is that he was entitled to a directed verdict on both counts. Defendant is a farmer owning and living on a 30-acre farm in Windsor township, Eaton county. On November 7, 1921, officers armed with search warrants, the validity of which was not questioned, visited defendant's farm. He was not at home but his wife was. The officers found a quantity of fermented grain, mash, covered with cornstalks and bean pods. In the haymow under a load of cornstalks they found a barrel also containing fermented grain. The testimony on behalf of the people tended to show that, while the officers were making the search,

defendant's wife broke several bottles, that they secured some of the contents of the broken bottles which upon analysis proved to be moonshine whisky.   Defendant's wife testified that she broke only one bottle, that it contained alcohol properly obtained and used for medicinal purposes under a doctor's prescription. Defendant denied that he had manufactured or had any moonshine whisky.   We think these facts made a case for the jury under both counts of the information.   In the recent case of *People* v. *Murn*, 220 Mich. 555, defendant was convicted by direction of the court of selling a quart of whisky; the sale was·made at defendant's home  by his wife in his absence.   We reversed the case because of the direction of a verdict of guilty by the trial judge and held that the case should have been submitted to the jury.   See, also, *People* v. *Sybisloo*, 216 Mich. 1; *People* v. *Liebiotka*, 216 Mich. 316; *People* v. *McCoy*, 217 Mich. 575.

Defendant moved for a new trial, alleging that the verdict was against the overwhelming weight of the evidence.   A reading of this record is convincing that the trial judge correctly denied this motion.

Errors are assigned on certain portions of the charge.   They are not discussed at length in defendant's brief.   It will be unnecessary for us to discuss them as none of them constitute reversible error and the charge as a whole was quite favorable to defendant.

The conviction will stand affirmed.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.