JICHA, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 12—April 6, 1926.*

*Intoxicating liquors: Possession of moonshine whisky: Evidence: Sufficiency.*

1. The possession of moonshine whisky constitutes an offense under sub. (32) (d), sec. 165.01, Stats.; and an information for the unlawful possession of moonshine whisky, contrary to sub. (3), sec. 165.01, is sufficient, notwithstanding the offense declared is denounced in sub. (32) (d) of sec. 165.01, rather than sub. (3) thereof. p. 621.

2. Evidence that a minor son of the accused, on a request for
    liquor, went in the direction of the barn, and returned after
    ten or fifteen minutes with moonshine, is *held* insufficient to
    meet the burden of establishing possession, the time of his ab-
    sence being sufficient for the liquor to have been obtained
    from the premises of another than accused, there being no
    proof that accused had the liquor in his possession or under
    his control.   p. 622.

ERROR to review a judgment of the circuit court for Mari-
nette county: W. B. QUINLAN, Circuit Judge.   *Reversed.*

Plaintiff in error was found guilty by a jury of ·having
moonshine whisky unlawfully in his possession and sen-
tenced to jail for ninety days.

For the plaintiff in error there was a brief by. *Martin,
Martin, Martin, Clifford & McHale* of Green Bay, and oral
argument by *G. F. Clifford.*

For the defendant in error there was a brief by *Arold F.
Murphy,* district attorney of Marinette county, the *Attorney
General,* and *J. E. Messerschmidt,* assistant attorney general,
and oral argument by *C. F. Kuchenberg,* assistant district
attorney.

STEVENS, J.   The information alleges that the plaintiff in
error (hereinafter called defendant) "did unlawfully have
in his possession intoxicating liquor, to wit: moonshine
whisky, contrary to subsection (3) of section 165.01 of the
Wisconsin Statutes."   The information very clearly alleges
that the defendant unlawfully had moonshine whisky in
his possession.   This constitutes an offense under the pro-
hibition statute.   *State v. Smith,* 184 Wis. 664, 666–668,
200 N. W. 638.   The fact that the information alleges that
this possession was contrary to sub. (3) of sec. 165.01 of
the Statutes, instead of sub. (32) (d) of sec. 165.01, could
not have misled the defendant or prejudiced his rights.   The
information fully and accurately advises the defendant of
the exact nature of the offense charged.

The proof established the fact that a group of boys who desired to secure some intoxicating liquor sent one of their number to the home of the defendant. Outside the defendant's house this boy met a son of the defendant and asked him for liquor. This son, who was nineteen or twenty years of age, went in the direction of the barn and returned after an absence of ten or fifteen minutes with a bottle of moonshine. There is no proof that the liquor was procured in the barn or upon the farm of the defendant. Defendant's son who produced the liquor was gone a sufficient length of time so that he could have procured the liquor on premises owned by some other person than the defendant. There was no proof that the defendant had the liquor in his possession or that it was under his control in any way. Both the defendant and his wife testified that they were in bed at the time of the sale and that they had nothing to do with the sale or possession of the liquor sold. This testimony is not sufficient to meet the burden imposed on the State in order to establish possession by the defendant.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.