Larsen v. State, 190 Wis. 606.

LARSEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 15—June 21, 1926.*

*Informations: Waiver of insufficiency: Intoxicating liquors: Un-lawful possession: Evidence: Sufficiency.*

1. Failure to object before a jury was called and testimony taken that an information was defective because based on sub. (3), sec. 165.01, Stats., whereas under the facts and the charge the only possible offense for which conviction could be had was under sub. (32) (d), sec. 165.01, waived any objection to the insufficiency of the information, in view of sec. 355.09. p. 608.
2. In a prosecution under sub. (3), sec. 165.01, Stats., for the unlawful possession of intoxicating liquor without a permit, evidence which merely shows that a bottle containing whisky was found under the back steps of the house of accused is insufficient to show the necessary conscious connection of accused with its possession to support a conviction, sub. (28), sec. 165.01, being but a rule of evidence and not creating or defining any offense. p. 608.

ERROR to review a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Reversed.*

The plaintiff in error, hereinafter called defendant, was since April, 1925, tenant at a rental of $10 or $15 per month of a small two-room cottage near Crivitz, said county. He was selling soft drinks, cigars, etc., but there was no showing made as to whether he had a license.

About 10 p. m. June 6, 1925, several officers with a search warrant entered and found no liquor inside the house and no evidence of sales being made or drinking done on the premises, there being six to eight visitors in the room at the time.

The officers, accompanied by defendant, then went outside and found a bottle partly filled with liquid standing just inside the stairway of two steps leading out from the rear door. The defendant was forthwith arrested.

The information charged that defendant "did unlawfully have in his possession intoxicating liquor, to wit, moonshine whisky, without a permit as provided by law, contrary to subsection (3) of section 165.01 of the Wisconsin Statutes," etc.

On the trial a witness for the State testified that he had examined a bottle then shown him and that its contents tested 33.4 alcohol by volume, and that it was given to him for the purpose of making a test. This testimony and the offer of the bottle was received without objection. There was no direct proof that such bottle was the one found on the search. The defendant denied knowledge of the bottle. The court instructed the jury that the State's claim was that defendant had possession of the moonshine in his business of running and operating a soft-drink parlor.

The jury found him guilty in manner and form as charged in the information. From the judgment of conviction defendant sued out this writ of error.

The cause was submitted for the plaintiff in error on the brief of *Doyle, Doyle & Doyle* of Menominee, Michigan, and for the defendant in error on that of *Arold F. Murphy,* district attorney of Marinette county, *Charles F. Kuchenberg,* assistant district attorney, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

ESCHWEILER, J. The defendant claims that the information was defective inasmuch as it charged an unlawful possession contrary to sub. (3) of sec. 165.01, Stats., prohibiting the manufacture, sale, and the importation or exportation of intoxicating liquor, whereas under the facts and the charge of the court the only possible offense for which he could be convicted was the unlawful possession of privately manufactured distilled liquor in violation of sub. (32) (d), sec. 165.01, and that such should have been the offense and statute specified in the information. *State*

*v. Smith,* 184 Wis. 664, 666, 200 N. W. 638; *Jicha v. State,* 189 Wis. 620, 208 N. W. 479.

The defendant, however, failed to raise any question as to the sufficiency of such information before the jury was called or testimony taken and thereby waived any such objection as is provided in sec. 355.09 (formerly sec. 4645*a*). *Watson v. State, ante,* p. 245, 208 N. W. 897; *Carver v. State, ante,* p. 234, 208 N. W. 874.

Defendant's objection, however, that there is insufficient testimony to support a conviction of his having unlawful possession of moonshine whisky is well taken.    It is contended by the State that by force of sub. (28), sec. 165.01, declaring that the possession of liquor by any person without a permit, other than in his private dwelling used exclusively as such, shall be *prima facie* evidence of unlawful possession, there is sufficient to uphold the verdict in this case; but as has been pointed out in *Endish v. State,* 188 Wis. 259, 205 N. W. 822, this section is now but a rule of evidence and does not create or define an offense.

Conceding, without now determining it, that there was sufficient proof that a bottle containing whisky was found under the back steps of defendant's house, nevertheless we do not find sufficient evidence of the necessary conscious connection of defendant with its possession to support the verdict.    *State v. Buoy,* 113 Oreg. 217, 232 Pac. 623; *State v. Cox,* 91 Oreg. 518, 179 Pac. 575; *State v. Harris,* 106 Oreg. 211, 211 Pac. 944.    There was no evidence that defendant placed it there; that he had been making unlawful sales of liquor on or prior to this evening; or any fact or circumstance indicating his conscious connection with any unlawful possession other than the mere fact that the bottle was so found so concealed outside his house and where others could have as well and as easily stored or hidden it. That he had possession or control would rest upon surmise or suspicion only, and is not a sufficient meeting of the

State's burden of proof. *Jicha v. State, supra.* No such showing of knowledge of its existence and place was made here as was made in the recent case of *Carver v. State, ante,* p. 234, 208 N. W. 874.

Upon consideration of the record, defendant's motion to set aside the verdict and discharge him should have been and must be now granted.

*By the Court.*—Judgment reversed, with directions to discharge defendant.