Schwartz, Plaintiff in error, vs. The State, Defendant in error.

*February 11—March 9, 1927.*

*Intoxicating liquors: Unlawful possession: What constitutes: Liquor brought into soft-drink place without knowledge of owner: Presumption from presence of liquor: How rebutted.*

1. Defendant, conducting a soft-drink parlor, is *held* not guilty of unlawful possession of intoxicating liquor on or about his premises, prohibited by sub. (30), sec. 165.01, Stats., by virtue of the act of his brother, who was looking after the place in. defendant's temporary absence, in taking a bottle of liquor from his pocket and placing it on a work-bench under the bar, the defendant having no knowledge that his brother had liquor or that liquor was on the premises. p. 417.

2. The fact that the liquor was found in defendant's place of business makes a *prima facie* case of possession, subject, however, to explanation as to how it came there; but the possession of liquor which is made unlawful·is possession under some claim of right, control, or dominion, with knowledge of the facts. p. 417.

Error to review a judgment and sentence of the circuit court for Fond du Lac county: Chester A. Fowler, Circuit Judge. *Reversed, with directions.*

Plaintiff in error, hereafter called the defendant, was convicted in the circuit court of unlawfully having in his possession intoxicating liquor. He was sentenced to imprisonment in the county jail for a term of five months. From such sentence and judgment the defendant seeks review. He assigns as errors: That the evidence was insufficient to sustain the conviction of guilt; that the evidence failed to establish illegal possession of prohibited liquor; and errors of the court in the conduct of the trial and in instructions to the jury.

For the plaintiff in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the defendant in error there was a brief by *James Murray,* former district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *L. E. Gooding,* district attorney of Fond du Lac county, and *Mr. Messerschmidt.*

CROWNHART, J.    The defendant, *Charles Schwartz,* was a man with a family, fifty-two years of age, and had resided in Fond du Lac for forty-one years.   He had formerly been a laboring man, and less than a year prior to the offense charged had opened and conducted a soft-drink parlor, under license, in said city.   Aside from the offense charged there is nothing in the record to indicate that he had not kept an orderly place or that his reputation was in any wise impeached.   The information charged that the defendant "did have in his possession and on premises whereon he was authorized to sell non-intoxicating liquor, on the 29th day of October, 1925, at the city of Fond du Lac, Fond du Lac county, Wisconsin, intoxicating liquor, and did have in his possession unlawfully privately distilled intoxicating liquors, and did sell, deal, and traffic in intoxicating liquor."

There was no attempt on the trial to prove that defendant "did sell, deal, and traffic in intoxicating liquor."   The sole claim of the State was that he had intoxicating liquor in his possession in his place of business.   The statute provides that "No. such person shall have in his possession on or about said premises any intoxicating liquor."   Sub. (30), sec. 165.01, Stats.

There is no dispute in the evidence.   The defendant employed his brother, Adolph, to clean out his place every day. Adolph was not employed as a bartender.   On the day in question Adolph had been in the place during the forenoon, and at about noon the defendant, being desirous of going to the bank, left his brother, Adolph, temporarily in charge of

the place to look after it while he was gone. Adolph testified that he had a bottle of liquor in his pocket but the defendant did not know this. While defendant was away Adolph took the bottle of liquor from his pocket and started to prepare a hot drink for himself. While the water was heating he set the bottle on a work-bench under the bar, and placed some sugar in a glass, ready to make the drink when the water was hot. At this time three enforcement officers of the State and a local policeman entered the place and searched it. One of the enforcement officers found the bottle where Adolph had left it, and took it away with him. No one else was in the place at the time except a person who was using the telephone, and who does not otherwise appear in the picture. Adolph testified that the bottle and liquor belonged to him and that it was prescription liquor rightfully in his possession. He testified that his brother did not know that he had the liquor and had no knowledge that it was in the place. The defendant testified that he had no knowledge whatever with reference to the liquor; he did not know his brother had it; he had never seen the bottle, and had never had it in his possession. The State rested its case solely on the theory that the bottle of liquor being found on the premises was sufficient evidence of possession thereof by the defendant to convict him of the offense charged.

During the course of the argument of the defendant's attorney to the jury the court said:

"Unless the liquor was prescription liquor, as claimed by the witness Adolph Schwartz, the fact that the defendant did not know it was there does not excuse him, because in that event it was intoxicating liquor in his place and he is bound to know what is in his place."

To this statement the defendant's counsel took due exception.

The court instructed the jury: ". . . If you are satisfied beyond a reasonable doubt that it was not prescription liq-

uor, as claimed by the witness Adolph Schwartz, you will return the verdict of guilty,"—to which instruction the defendant excepted.

There should be no doubt that the statement of the court before the jury during the argument of defendant's counsel is an erroneous statement of the law, nor should there be any doubt that the instruction of the court to the jury, that the jury should return a verdict of guilty if it should be satisfied that the liquor was not prescription liquor, is erroneous. The simple question before the court and jury was: Did the defendant unlawfully possess the liquor in question? Defendant claimed no right to have liquor prescribed to his ·brother, Adolph Schwartz, in his possession, but denied possession absolutely. The fact that the liquor was found in defendant's place of business made a *prima facie* case of possession, but the fact that it was there was subject to explanation. Possession signifies some right or dominion or control over the thing possessed. There is nothing in the testimony of either Adolph or the defendant that indicates their evidence is unreasonable or not to be believed. Adolph admitted his personal possession of the liquor involved in the transaction. He claimed that the liquor was prescription liquor which he had a right to have in his possession. As to his guilt in the premises the question would turn upon whether or not the liquor was prescribed liquor, but as to the guilt of the defendant it turned solely upon the question of possession. The two issues seem to have been confused in the mind of the court and in the mind of the district attorney. The district attorney says in his brief that the defendant tried to explain the presence of liquor by saying it was prescription liquor and his individual ·liquor. In this the district attorney is wholly mistaken. The defendant did not try to explain the presence of the liquor by saying it was prescription liquor, because he claimed he knew nothing about the liquor,—had never seen it and had never had

it in his possession, and he denied absolutely that it was his individual liquor. It is quite absurd to say that liquor found in a man's place of business or on his premises conclusively establishes guilt of unlawful possession. If so, any one might find himself in the position of a criminal because a stranger had left in his office or place of business, temporarily or otherwise, with or without evil design, a satchel or other container having liquor in it, without the knowledge or consent of the owner of the place. The same thing might happen with reference to receiving stolen goods or having in possession burglary tools. It is perfectly plain that the possession of liquor which is made unlawful is the possession under some claim of right, control, or dominion with knowledge of the facts. *Miller v. State,* 191 Wis. 477, 211 N. W. 278; *Larsen v. State,* 190 Wis. 606, 209 N. W. 687. There is no question but that such possession may be proved by circumstantial evidence, as in *Ring v. State, ante,* p. 391, 212 N. W. 662, but we deem the evidence in this case clearly insufficient to sustain the verdict.

*By the Court.*—The judgment of the circuit court is reversed, with instructions to discharge the defendant.