DOSCHER, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 7—November 8, 1927.*

*Intoxicating liquors: Unlawful possession: Evidence: Employee of licensed seller of non-intoxicating liquors possessing alcohol: Statements of owner: Necessity of showing conscious possession.*

1. While the finding of unlawful liquor on the premises of one licensed to sell non-intoxicating liquor may be *prima facie* evidence of a violation of sec. 165.01, Stats., to sustain a conviction there must be a showing of defendant's conscious possession thereof. p. 69.
2. Evidence that defendant, after having been told that intoxicating liquor had been found on his premises in his absence, was asked if it was moonshine and answered "No; good alcohol," and that he stated he had seen a prohibition officer

enter the premises, but figured if the officer found anything he would pass it up, is not a sufficient acknowledgment of defendant's guilty possession of the liquor.  pp. 69, 70.

3. Where an employee of defendant, acting beyond the scope of his employment, went outside of the premises and procured intoxicating liquor, its presence on such premises did not subject the employer to conviction for possession of intoxicating liquor.  p. 71.

ERROR to review a judgment of the circuit court for Grant county: S. E. SMALLEY, Circuit Judge.  *Reversed.*

Plaintiff in error, defendant below, a licensed seller of non-intoxicating liquors in Platteville, was found guilty upon an information charging him with unlawfully having possession on his premises of intoxicating liquors contrary to sec. 165.01, Stats.

The proof showed that several officers visited defendant's premises and found three pint bottles of diluted alcohol concealed underneath the bar.  The premises were then in charge of one G., in defendant's absence.

On the trial the defendant denied having any responsibility for or knowledge of the alcohol.  G. at first refused to answer on the subject, asserting his privilege, but, being directed by the court so to do, then testified that he had bought the alcohol for his own purposes, brought it to the premises that same evening, and all without defendant's consent or knowledge.

On rebuttal one of the officers testified that the defendant, on coming into the room shortly after the alcohol had been taken, and after being told thereof, was asked, "What is it, moon?" and answered "No, good alcohol."

Another officer testified that the defendant said to him in substance that "he [defendant] saw me [the officer] enter and figured if I found anything I would pass it up."  The bottles at this time were in the possession of the officers' and were not shown defendant.

Motions to dismiss were made by defendant. The court charged the jury that in order to find the defendant guilty they must find that he knowingly had intoxicating liquor in his possession on his premises.

Upon the verdict the defendant was fined $500 and costs, and in default of payment committed to the house of correction of Milwaukee county not to exceed four months. This writ of error followed.

For the plaintiff in error there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *L. A. Brunckhorst.*

For the defendant in error there · was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *R. M. Orchard,* district attorney of Grant county, and oral argument by *Mr. Orchard* and *Mr. Messerschmidt.*

The following opinion was filed June 20, 1927:

ESCHWEILER, J. Though the finding of unlawful liquor on the premises of one, as defendant here, licensed under sub. (29) and (30), sec. 165.01, Stats., to conduct the business of selling non-intoxicating liquor may be some, or *prima facie,* evidence of a violation of the statutes here involved, yet to sustain a conviction there must be a showing of defendant's conscious possession. The court correctly so charged the jury under the rule declared in such cases as *Larsen v. State,* 190 Wis. 606, 608, 209 N. W. 687; *Miller v. State,* 191 Wis. 477, 211 N. W. 278; *Schwartz v. State,* 192 Wis. 414, 212 N. W. 664.

Under the evidence here the conviction can only be sustained if the statements testified to as having been made by the defendant to the officers are sufficient acknowledgments of defendant's guilt beyond a reasonable doubt, or because the conscious possession by the one left in charge of the premises was the conscious possession of the defendant.

The alleged statements of defendant quoted above, relied upon under the first of the suggested grounds, are clearly insufficient. They are as lacking in convicting effect as were those discussed in *Scott v. State,* 190 Wis. 238, 244, 208 N. W. 795, reversing a conviction for unlawfully hunting deer in the closed season. This feature of the case needs no further discussion.

It is strenuously contended that the conviction should be upheld on the theory that the conscious possession of contraband liquor by defendant's agent in charge of the licensed premises can be or must be held to be the conscious possession of the defendant. This argument is made upon a line of cases in this court, prior to the Eighteenth amendment, such as *State ex rel. Conlin v. Wausau,* 137 Wis. 311, 314, 118 N. W. 810, holding a licensed seller of intoxicating liquors, in a proceeding to revoke his license, responsible for a forbidden sale of intoxicating liquors to a minor by an agent in defendant's absence and contrary to his express direction; *Olson v. State,* 143 Wis. 413, 414, 127 N. W. 975, holding a saloon-keeper properly convicted of selling intoxicating liquors on Sunday, though the same was done in his absence, by his agent, and contrary to express instructions. The ruling in these two cases was approved in *Reismier v. State,* 148 Wis. 593, 596, 135 N. W. 153, a sale on election day, and in *John Barth Co. v. Brandy,* 165 Wis. 196, 199, 161 N. W. 766.

We deem that doctrine not applicable here because the possession of the agent here was not within the scope of his employment. It was no more part of this employee's duty to obtain or have unlawful liquor than to have unlawful possession of drugs or burglar tools. In the cases cited above the agent was employed to have possession of and dispose of liquor for the defendants. The very employment, therefore, contemplated and covered the field of possession, disposal, and sale of the articles, so that the respective violations by the agents of the specific regulations as to the

manner of carrying on such employment could properly be charged against the defendant employers who knowingly furnished the agents with the means and opportunity of violating the law. Here the defendant as employer did not confer upon the one left in charge of the premises any power, authority, or means for any such violation. The act of the employee in going outside of the premises and obtaining the forbidden alcohol was a stepping outside of any express or implied authority given him by defendant. For such an act, entirely independent of and beyond the purpose of the employment, the defendant ought not to stand charged merely because of an existing relationship of master and servant for an entirely different and lawful purpose.

The cases from other jurisdictions relied upon by the State are all clearly distinguishable.

In *People v. Liebiotka,* 216 Mich. 316, 185 N. W. 825, and *People v. Sybisloo,* 216 Mich. 1, 184 N. W. 410, there was evidence of defendant's actual knowledge of the illicit manufacture being done in the defendant's house by the wife, and much weight was laid on the musty doctrine that the husband, as titular head of the household, had actual control thereof and, ergo, responsibility for what the better half did,—a doctrine, needless to say, long since in this state relegated to the chamber reserved for the slumber of the innocuous desuetudes. *Jones v. Monson,* 137 Wis. 478, 484, 119 N. W. 179. In *State v. Pigg,* 78 Kan. 618, 97 Pac. 859, 19 L. R. A. n. s. 848, the defendant was held liable for an unlawful sale by his agent, defendant being present and able to see it being done; *State v. Arrigoni,* 119 Wash. 358, 205 Pac. 7, holding that though the possession in defendant's house, by the wife, of the unlawful liquor created a rebuttable presumption, yet a conviction required the finding of his knowingly permitting such possession; in *Jackson v. State,* 154 Ga. 544, 114 S. E. 811, defendant was held properly convicted where he furnished the money and sent B. into another county to get the whisky; and finally, *Partridge*

*v. State,* 88 Ark. 267, 114 S. W. 215, 217, 20 L. R. A. N. S. 321, which case really favors. defendant's contention more than that of the State, inasmuch as there the defendant, proprietor of a soft-drink stand, was held not to have violated a statute forbidding the sale either for himself or another or the being interested in the sale of liquors, where an adult employee sold, without defendant's consent or knowledge, beer that defendant had on the premises for his own use.

The evidence being insufficient. to support a conviction, defendant's motions to be discharged should have been granted.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the proceedings.

A motion for a rehearing was denied, without costs, on November 8, 1927.