PAULUS, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 9—April 3, 1928.*

*Intoxicating liquors: Unlawful possession: Possession as agent: Searches: Of entire premises licensed as soft-drink parlor: Trial: Harmless error: Improper remarks of district attorney.*

1. An agent cannot knowingly have lawful possession of illicit privately manufactured distilled liquor for his principal. p. 534.
2. The evidence in a prosecution for possessing unlawful liquor in a soft-drink parlor is *held* to sustain the conviction of the defendant, who was in possession of the premises as the agent of the person to whom the license was issued. [*Schwartz v. State,* 192 Wis: 414, distinguished.]   p. 534.
3. Where a license to conduct a soft-drink parlor described the premises as the north half of a particular lot, without any attempt to exclude any part of the premises, the second floor of the building, where part of the liquor was found, was part of the licensed premises.   p. 534.
4. A persistent departure from a proper course of conduct by the prosecuting attorney should be dealt with promptly and severely by the trial court; but in this case an improper attempt by the district attorney to show a previous conviction of defendant is *held* not to warrant a reversal of the conviction, in view of the court's reprimand and statement to the jury not to regard such evidence.   p. 535.

ERROR to review a judgment of the circuit court for Iowa county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

Intoxicating liquor. Complaint filed on the 19th day of February, 1927. Defendant sentenced on September 30, 1927. *Joseph Paulus,* plaintiff in error, hereinafter called the defendant, conducted a confectionery store and soft-drink parlor on Main street in the village of Highland, Iowa county, Wisconsin. The business premises consist of a two-story building and was licensed for the sale of soft drinks in the name of one William Paulus, brother of the defendant. *Joseph Paulus* had leased the premises for five years in 1919

and was a hold-over tenant. There is a shed or lean-to attached to the rear and forming a part of the building. On the 18th day of February, 1927, search of the premises was made by state and county officers. Two bottles of liquor were found leaning up against the outside wall of the shed and were procured by reaching through a hole in the north wall. The hiding place of the bottles was not visible from the alley-way to the north. Other liquors, consisting of five one-gallon containers and three pints of alleged whisky, were found on the second floor directly above the soft-drink parlor. These rooms were reached by a stairway leading from the shed or lean-to to the upper hallway. There was also a stairway leading from Main street to said hallway. At the time of the search the rooms above the soft-drink parlor were locked. The defendant had keys to said rooms in his pocket, accompanied the officers on the search upstairs, and admitted that he stayed there sometimes. The soft-drink and confectionery business was carried on in the name of the defendant, consignments came in his name, and the bank account was in his name. The rent for the premises was paid by the defendant and he spent a large part of his time in the soft-drink parlor. It appears from the testimony of William Paulus that he was a zinc miner; that on July 16, 1926, he purchased the confectionery business of *Joseph Paulus;* that he retained *Joseph* as a manager at the salary of $80 per month; that the purchase price of the business was $2,000; that $500 was actually paid, and that ultimately he relinquished the business.

Upon the trial the defendant was found guilty of having possession of intoxicating liquor upon the premises licensed for the sale of soft drinks, and from the judgment upon the verdict the defendant brings the writ of error.

For the plaintiff in error there was a brief by *Hall, Baker & Hall* of Madison, and oral argument by *Lawrence W. Hall.*

For the defendant in error there were briefs by *C. H. Knudson,* district attorney of Iowa county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Knudson* and *Mr. Messerschmidt.*

ROSENBERRY, J.   The principal claim made here is that the evidence is not sufficient to sustain the verdict of the jury finding the defendant guilty of having in his possession privately manufactured distilled liquor.  We are not called upon to consider and determine the true relation of the defendant *Joseph* to the business conducted at the place described.   In the evidence there are many circumstances which point to the fact that it was really his business and that carrying the business on in the name of William was merely a subterfuge; but be that as it may, it is undisputed that *Joseph* had possession of the premises as agent of William; that as such agent he was in possession of the liquor seized by the officers seems to be beyond dispute.   This case is clearly distinguishable from *Schwartz v. State,* 192 Wis. 414, 212 N. W. 664. In that case the defendant knew nothing of the possession by his brother of liquor upon the person of his brother or that liquor had been brought upon the premises.   Here the exact opposite is the fact.   The defendant could hardly stay in the room, as he admitted he did at times, without knowing what was there.   He was in possession of the premises and likewise in possession of the illicit liquor.   An agent cannot knowingly have lawful possession of illicit privately manufactured distilled liquor for his principal.   It may be in the possession of both.   The evidence amply sustains the verdict.

It is also contended that the second floor, where part of the liquor was found, was no part of the licensed premises.   The description was the north half of lot number 30, original town village of Highland, Iowa county, Wisconsin.   There was no attempt to exclude any part of the premises from the license.   The testimony of William Paulus, the licensee, was

that the second story was used as a storeroom. This contention is clearly untenable.

It appears that *Joseph Paulus,* the defendant, had been previously convicted of an offense under the Severson act, and upon the trial the district attorney made a persistent and unlawyerlike effort to drag this fact out and emphasize it before the jury. The court said: "It is highly improper. It is not to be considered as evidence that he is guilty of the charge that is made against him here at all. Do not repeat anything of that kind, Mr. Knudson." The district attorney, not satisfied, made a further attempt, but objection was promptly sustained by the court. We have had occasion a number of times recently to comment upon the misconduct of prosecuting officers. Trials should be free from improper conduct of this kind. It is quite clear in this case that the conduct does not warrant a reversal of the judgment. Where it is persisted in, however, as in this case, it should be dealt with promptly and severely by the trial court. The records of this court should not be cluttered up with matters of this kind, and prosecuting officers should be given to understand promptly that they subject themselves to discipline by what is clearly an intentional departure from a proper course of conduct.

*By the Court.*—Judgment affirmed.