RING, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 12—March 8, 1927.*

*Intoxicating liquors: Unlawful possession: Evidence: Sufficiency: Criminal law: Instructions as to credibility of witnesses.*

1. In a prosecution for unlawfully possessing intoxicating liquor in violation of sub. (32) (d), sec. 165.01, Stats., the evidence (detailed in the opinion) is *held* sufficient to sustain a conviction. p. 393.
2. The jury was not bound to believe all the testimony of defendant's witnesses, though they were uncontradicted, if the knowledge of the alleged facts upon which the defense was based was peculiarly confined to these witnesses. p. 394.

3. An instruction that the members of the jury were the responsible judges of the credibility of the several witnesses, including the defendant, and that in considering the weight and value of the testimony of any witness they should consider his interest, his motive in testifying, his relation to the defendant, the probability of his statements, his opportunity to observe the facts concerning which he gave testimony, and his inclination to speak the truth, was a proper exposition of the law as applicable to the case.  p. 394.

4. The failure of the court to instruct the jury that if they found a witness had wilfully testified falsely as to a material matter, such testimony could be disregarded unless corroborated by other credible evidence, is not ground for reversal where no such instruction was requested.  p. 395.

Error to review a judgment of the circuit court for Dane county: A. G. Zimmerman, Circuit Judge. *Affirmed.*

For the plaintiff in error there was a brief by *Bull & Biart* of Madison, and oral argument by *Nat P. Biart.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Glenn D. Roberts,* district attorney of Dane county, and *George Lange,* assistant district attorney, and oral argument by *Mr. Roberts* and *Mr. Messerschmidt.*

Doerfler, J.   The plaintiff in error, hereinafter called the defendant, in a criminal action in which he was charged with the unlawful possession of intoxicating liquors, in violation of sub. (32) (d), sec. 165.01, of the Statutes, was found guilty by a jury and sentenced.

The defendant during the times herein mentioned occupied certain premises in the town of Blooming Grove, Dane county, where he resided with his family, and on the 9th day of December, 1926, prohibition officers armed with a search warrant searched such premises and found upon a table in a room adjacent to the kitchen two pint bottles of moonshine, and embedded in the hay in the barn, in close proximity to the driveway, two gallon jugs of such liquor. The dwelling house of the defendant consists of a two-story

building, known as the main dwelling, the lower floor of which contains three rooms occupied by the defendant, and in one of which was found an empty jug, which upon examination revealed that it had contained moonshine, as manifested by the odor emanating therefrom and perceptible through the sense of smell. The first addition to the house consists of two rooms on the lower floor, one a front room and the other a back room. One of these rooms was used as a storeroom and the other as a bedroom, and according to the testimony of the defense these two rooms were leased to a son of the defendant and one Walterscheid. Connecting the kitchen in the main part of the building with the storeroom in which the pint bottles of moonshine were found is a door, and entrance could also be had into this storeroom from the outside by means of a door. Adjoining the first addition is a second addition, also consisting of two rooms, a front room and a back room, occupied by one Guthal, and the defendant claims that these two rooms were leased to Guthal. The testimony also discloses that the defendant had some property in the storeroom in the first addition and that he had access thereto; that defendant's daughter had access to the bedroom through the storeroom; and that on numerous occasions she went into the bedroom to make the beds for Walterscheid and her brother.

The defendant claimed that he was not conscious of the existence of this liquor at the time the search was made; that the liquor did not belong to him; and that it was placed upon the premises either by his son, Walterscheid, or Guthal, or by some unknown persons who used his premises, without his knowledge or consent, for the purpose of storing the liquor. The defense claims that under the facts and circumstances above related the evidence does not support the verdict.

A careful review of the record in this case convinces us that there was ample evidence to warrant the jury in finding defendant guilty. There was an atmosphere of privately

distilled liquor pervading not only the main portion of the building but the first addition thereto and the barn. In close proximity and immediately adjacent to the entrance of the barn and next to the driveway, two jugs of moonshine were embedded in the hay within a foot or a foot and a half from the driveway and concealed under the surface of the hay a distance of about one foot. The hay surrounding these two jugs was loose and presented an appearance markedly different from the balance.

It must be observed that the testimony of the defense was based upon alleged facts which the prosecution was unable to meet, because the knowledge of such facts was peculiarly confined to the defendant's witnesses. Under such circumstances, let it be said that the jury was not bound to believe every statement made by such witnesses; on the contrary, it could believe such testimony, in whole or in part, in accordance with the credit to which such testimony was entitled. It may be conceded that situations may arise where the testimony of a witness is so plausible and so in conformity with the physical facts and with all reasonable probability as to leave no doubt with respect to the truth of the same, and such appears to have been the case in *Miller v. State,* 191 Wis. 477, 211 N. W. 278.

We are of the opinion that the instructions of the court upon this branch of the case constituted a proper exposition of the law as applicable to the case. The court instructed the jury as follows:

"You are the responsible judges of the credibility of each and all of the witnesses, including the defendant who has testified in his own behalf, and of the weight and effect of the evidence as a whole.

"In considering the weight and value to be given to the testimony of any witness you should take into consideration the interest of the witness, if any, in the result of the trial; the motive in testifying; the witness's relation to or feeling for or against the defendant; the probability of the witness's

statements; the opportunity the witness had to observe and to be informed as to the matters respecting which he or she gave testimony; and the inclination of the witness to speak the truth or otherwise as to the matters within the knowledge of such witness.

"All these matters being taken into account, together with all the other facts and circumstances given in evidence in the case, it is your province to give each witness such credit and the testimony of each witness such weight as you think it proper to give it."

The jury was in a better position, under proper instructions, to judge of the credibility of a witness than is this court, which has before it merely the cold record. There is little in the record to indicate the appearance of the witness on the stand, his manner of testifying, or his apparent willingness or unwillingness to testify to the truth as to a given fact. The impressions made upon the mind of a juror during the course of a trial are oftentimes decisive of the issue submitted. If it were the law that the testimony of a witness in a given case, on a subject which is solely within his knowledge, must be taken as true one hundred per cent., justice in many instances would miscarry. It is the province of the jury to carefully scan and review the entire evidence in connection with all the facts and circumstances of the case, and thereupon render such verdict as the consciences of the jurors dictate. *Nelson v. State,* 186 Wis. 648, 203 N. W. 343.

Defendant's counsel take exception to the instructions hereinbefore set forth, upon the ground that they are incomplete, and that the court should have instructed the jury that if it concludes that a witness wilfully testified falsely to a material matter such testimony could be disregarded unless corroborated by other credible evidence in the case. Had such instruction been requested, the refusal of the court to give it might constitute prejudicial error. Such instruction, however, was not requested.

On the whole, we are of the opinion that the issue involved was one for the jury, under all the evidence in the case, and that the jury having found the defendant guilty, the judgment cannot be disturbed.

*By the Court.*—Judgment affirmed.