BURTSCHER, Plaintiff in error, vs. THE STATE, Defendant
in error.

*December 10, 1927—January 10, 1928.*

*Intoxicating liquors: Unlawful possession: Evidence: Sufficiency:
Penalty.*

1. In a prosecution for possessing intoxicating liquors found near
   a barn which was 150 to 200 feet from defendant's house,
   evidence as to a well-worn path from the house to the barn
   and thence to the place where the liquor was found, and that
   defendant was addicted to getting intoxicated, is *held* suffi-
   cient to sustain a conviction. p. 648.
2. Testimony by a witness that she had seen the defendant intoxi-
   cated, objected to on the ground that it was too remote, was
   not erroneously received, as the testimony was admissible as
   bearing on the question whether defendant was likely to keep
   liquor, though he may not have used it for several days prior
   to its discovery. p. 648.
3. A penalty fixed by the trial court well within the limits of the
   statute is not disturbed. p. 648.

ERROR to review a judgment of the circuit court for
Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

Plaintiff in error, hereinafter called the defendant, was
convicted of having in his possession intoxicating liquors
and was sentenced to pay a fine of $200, or in default
thereof to be imprisoned in the county jail for a period not
exceeding ninety days. Defendant lives on a farm in the
country. His house is from 150 to 200 feet from his cow
barn and hay barn. There is a road leading between his hay
barn and cow barn and his house which is used in the winter
time by adjoining farmers in going to a gravel pit a con-
siderable distance from the barn and house. From de-
fendant's house to his cow barn is a well-worn path, and
from the door of the cow barn to the door of the hay barn
is also a well-worn path. The doors of both barns face
towards defendant's house. From the door of the hay
barn to the left around the corner and then around the next

corner of the barn and to the opposite corner on the right, the officers found a well-worn path through the snow, and under the barn near the last mentioned corner they found a jug of moonshine. It could be reached only from the outside. At this corner the path ended. There is no visible path leading any further around the building. When they made the search there was considerable snow on the ground, and it was in this snow that the path was found. It was testified to by the officers that the path was made by human beings and not by cattle. They further testified that there was no path leading from this corner where the jug was found towards the road over which the neighboring farmers passed in order to go to the gravel pit except by retracing the steps in the path as described. The title of the farm was in defendant's wife, but it was shown that he did the work on the farm and did the chores. It was further shown that he was addicted to getting intoxicated at times and that he was a user of liquor. He denied that the liquor was his and he denied any knowledge of it.

For the plaintiff in error there was a brief by *Smith & Bachhuber* of Wausau, and oral argument by *F. E. Bachhuber*.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *G. J. Boileau,* district attorney of Marathon county, and oral argument by *Mr. Boileau* and *Mr. Messerschmidt*.

VINJE, C. J.    Defendant assigned three errors: First, that the findings of the jury were not sustained by the evidence under the law; second, that the court erred in admitting evidence offered by the plaintiff over the objections of the defendant; third, that the sentence is excessive. He relies as to the first assignment of error upon the case of *Doscher v. State,* 194 Wis. 67, 214 N. W. 359. We think the case

comes squarely within the rule announced in *Ring v. State,* 192 Wis. 391, 212 N. W. 662, and not within the *Doscher Case.* And therefore we hold that the first assignment of error is not well taken.

The daughter testified first that she had never seen her father intoxicated, later that she had seen him intoxicated. It is claimed that this evidence was erroneously received because it is uncontradicted that the jug of moonshine was full when the officers found it and that the drinking she referred to was so remote that it could have no bearing upon the case. We think that this objection is not well taken because if it was a fact that her father was accustomed to the use of intoxicating liquors that would have some material bearing upon the question of whether he was likely to keep any, although he may not have made use of it for several days previous to the discovery of the jug.

It was entirely within the discretion of the trial judge to fix the penalty for the violation of the statute within its limits. The sentence comes well within the statutory limits and we see no reason why we should disturb it.

*By the Court.*—Judgment affirmed.