STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Tyren E. BLACK, Defendant-Appellant.

Supreme Court

*No. 99–0230–CR. Oral argument January 5, 2001.—Decided April 5, 2001.*

## 2001 WI 31

(Also reported in 624 N.W.2d 363.)

For the plaintiff-respondent-petitioner the cause was argued by *Chris R. Larsen*, assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the defendant-appellant there was a brief by *Michael S. Holzman* and *Rosen and Holzman Ltd.,* Waukesha, and oral argument by *Michael S. Holzman.*

¶ 1. JON P. WILCOX, J. This case presents two questions. First, we must decide whether the circuit court conducted an appropriate "inquiry" under Wis. Stat. § 971.08(1)(b)(1997–98)[1] before accepting Tyren E. Black's (Black) no contest plea to a charge of felon in possession of a firearm. Wis. Stat. § 941.29(2). We con-

---

[1] All subsequent references to the Wisconsin Statutes will be to the 1997–98 version unless otherwise indicated.

clude that the circuit court did so. Second, we must determine whether the statement in the complaint—accepted by Black at the plea hearing—that he "stated that he handled the pistol" meets the elements of the crime of felon in possession of a firearm. We conclude that it does.

¶ 2. The State charged Black with a two-count criminal complaint. Count one alleged that on December 31, 1997, Black knowingly possessed marijuana[2] and count two alleged that on December 29, 1997, Black, a felon, possessed a firearm in violation of Wis. Stat. § 939.62. The Circuit Court for Milwaukee County, Jeffrey A. Kremers, Judge, accepted Black's no contest pleas to both charges and Black was sentenced. Black then moved to withdraw his no contest plea to the second count, which the Circuit Court for Milwaukee County, Timothy G. Dugan, Judge, denied. In an unpublished opinion, the court of appeals reversed the circuit court's order. *State v. Black*, No. 99–0239-CR, unpublished slip op. at ¶ 12 (Wis. Ct. App. May 30, 2000).

I

¶ 3. The facts are largely undisputed for the purposes of this review. On December 31, 1997, several Milwaukee police officers went to 1928 North 34th Street to investigate a narcotics complaint. The officers were admitted to Felicia Ferguson's (Ferguson) upper residence and given permission to search. During the search, the officers found six bags of marijuana together with a black semi-automatic Ruger pistol between Ferguson's mattress and box spring in her

---

[2] Black does not challenge his no contest plea to the first count, marijuana possession with intent to deliver.

bedroom. Black lived in the lower unit and was Ferguson's boyfriend.

¶ 4. Black informed the police that he owned the marijuana. He also stated that he "handled the pistol on Monday [two days earlier] in Felicia's bedroom," but that he did not know to whom the gun belonged. On January 2, 1998, the State charged Black with possession with intent to deliver a controlled substance and possession of a firearm by a felon. The complaint also charged Black with habitual criminality in violation of Wis. Stat. § 939.62. Black subsequently entered into plea negotiations with the State, wherein the State agreed to dismiss the habitual criminality penalty enhancer as to the second count in exchange for no contest pleas to both counts. Black signed and filed a completed plea questionnaire listing "felon in possession of firearm" as one of the two offenses to which he was entering a no contest plea. In this signed questionnaire, Black acknowledged that: (1) he read the complaint and understood "the elements of the offense and their relationship to the facts in this case and how the evidence establishes [his] guilt;" (2) by pleading guilty he was giving up any possible defenses and the right to challenge the sufficiency of the complaint; (3) he was giving up his "right to make the State prove [him] guilty by evidence beyond a reasonable doubt to each element of the crime charged"; and (4) if the court allowed a plea of no contest, he would be giving up all of the same rights, defenses, and motions that he would give up with a plea of guilty.

¶ 5. On January 26, 1998, prior to Black's plea hearing, the circuit court received a letter from Ferguson. In that letter, Ferguson stated that she purchased the semi-automatic pistol from someone in her neighborhood on December 29, 1997, and further wrote that

Black "only touched [the pistol] once looking at it after I purchased it. And at that moment he said to me that I didn't need it."

¶ 6.　The circuit court held Black's plea hearing on February 16, 1998. There, the court engaged Black in a colloquy and found that Black was entering his no contest pleas voluntarily and with full knowledge of the nature of the charges and the possible penalties. After so finding, the court asked the parties the following:

> THE COURT:　May I use the complaint as a factual basis?
>
> MS. CORNWALL [Black's attorney]:　Yes.
>
> MS. LOEBEL [Prosecutor]:　Yes.
>
> THE COURT:　Mr. Black, have you read the complaint?
>
> MR. BLACK:　Yes.
>
> THE COURT:　You understand that I'm going to use the facts in the complaint as a basis for your plea and sentencing?
>
> MR. BLACK:　Yes.

The court then found that a factual basis existed for Black's pleas and accepted them. Black was sentenced to six years on the narcotics charge and two years on the felon in possession of a firearm charge. Black subsequently filed a postconviction motion seeking to withdraw his no contest plea to the firearm charge. The circuit court rejected Black's motion, finding that Black agreed and understood that the court could use the complaint to establish a factual basis for his plea. The court further asserted that Black's admission that he had "handled" the pistol provided an adequate factual basis for the plea.

¶ 7. The court of appeals reversed the circuit court's order, indicating that Ferguson's letter, which stated that Black "only touched [the pistol] once" conflicted with the complaint, which stated that Black "handled the pistol." This, the court concluded, threw into question whether Black's conduct met the elements of the crime of felon in possession of a firearm. *See Black*, unpublished slip op. at ¶ 8. The court of appeals then stated that it "cannot conclude, as a matter of law, that 'handling' the gun for a brief instance, coupled with the instruction to the owner to get rid of it, constitutes possession." *Id.* at ¶ 11.

¶ 8. This court then granted the State's petition for review.

## II

¶ 9. We review the circuit court's denial of Black's motion to withdraw his no contest plea as to the felon in possession charge under an erroneous exercise of discretion standard. *State v. Thomas*, 2000 WI 13, ¶ 13, 232 Wis. 2d 714, 605 N.W.2d 836. " '[T]his court will find an [erroneous exercise] of discretion if the record shows that the trial court failed to exercise its discretion, the facts fail to support the trial court's decision, or this court finds that the trial court applied the wrong legal standard.' " *J.L. Phillips & Assoc. v. E&H Plastic Corp.*, 217 Wis. 2d 348, 364–65, 577 N.W.2d 13 (1998) (quoting *Oostburg State Bank v. United Sav. & Loan Ass'n*, 130 Wis. 2d 4, 11–12, 386 N.W.2d 53 (1986)). To allow Black to withdraw his plea, the circuit court would had to have found that he established by clear and convincing evidence that failure to allow a withdrawal would result in a manifest injustice. *Thomas*, 2000 WI 13 at ¶ 17. This high standard flows

135

from the State's interest in the finality of convictions. *Id.* at ¶ 16. The two questions in this case both involve statutory interpretation. Accordingly, we begin by analyzing the first statute at issue, Wis. Stat. § 971.08(1)(b), which requires the circuit court to "[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged."

## A

¶ 10. Statutory interpretation is a question of law that we review de novo. *County of Jefferson v. Renz*, 231 Wis. 2d 293, 301, 603 N.W.2d 541 (1999). The purpose of statutory interpretation is to discern and give effect to the intent of the legislature. *Id.* We do so by first looking to the plain language of the statute. *Id.* When the statutory language clearly and unambiguously sets forth the legislative intent, we may not look beyond the language to determine its meaning. *Id.* at 301–02. On the other hand, if the statutory language is ambiguous or unclear, we may examine the statute's history, scope, context, subject matter, and objective in our efforts to ascertain the legislative intent. *Id.* at 302.

¶ 11. As noted, Wis. Stat. § 971.08(1)(b) requires a circuit court to "[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged." We have previously observed that § 971.08(1)(b) is a codification of Rule 11(f) of the Federal Rules of Criminal Procedure, which asserts: " '[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.' " *Thomas*, 2000 WI 13 at ¶ 19 (citation omitted). Although both statutes

utilize the word "inquiry," neither defines it. In the "absence of statutory definitions, this court construes all words according to their common and approved usage, which may be established by dictionary definitions." *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). The definition of "inquiry" is "a seeking or request for truth, information, or knowledge." *Random House Unabridged Dictionary* 985 (2d ed. 1993). Interpreting these parallel statutes, we have noted that if a circuit court "fails to establish a factual basis that the defendant admits constitutes the offense pleaded to, manifest injustice has occurred." *Thomas*, 2000 WI 13 at ¶ 17. In conducting this inquiry into whether there is a factual basis for the offense, "the trial court may consider hearsay evidence, such as testimony of police officers, the preliminary examination record and other records in the case." *Morones v. State*, 61 Wis. 2d 544, 552–53, 213 N.W.2d 31 (1973). However, "[n]owhere in our case law interpreting Rule 11(f) do we require a judge to make a factual basis determination in one particular manner." *Thomas*, 2000 WI 13 at ¶ 21.

■

¶ 12. Similarly, we find no authority for the proposition that Wis. Stat. § 971.08(1)(b) requires a judge to make a factual basis determination in one particular manner or prohibits a judge from utilizing the complaint for that purpose. Instead, we note that the plain language of the statute merely requires the circuit judge to make such inquiry as satisfies "it"—meaning the circuit court—"that the defendant in fact committed the crime charged." Wis. Stat. § 971.08(1)(b); *see also Thomas*, 2000 WI 13 at ¶ 22 (observing that "[t]he phrase, 'such inquiry,' indicates that a judge may establish the factual basis as he or she sees fit, as long

as the judge guarantees that the defendant is aware of the elements of the crime, and the defendant's conduct meets those elements"). Under § 971.08(1)(b), the circuit court is not required to satisfy the defendant that he or she committed the crime charged. Indeed, the defendant evidenced his or her own satisfaction by entering a plea and thereby waiving his or her right to a jury trial.

¶ 13. In the present case, the circuit court's questioning of Black and his counsel on whether it could use the facts set forth in the complaint as a factual basis for the plea—after Black responded affirmatively that he read the complaint—amounted to seeking or requesting the truth, information, or knowledge, about whether or not he committed the offenses in question. His counsel—likewise responded that the circuit court could use the criminal complaint as a factual basis for the pleas. As we have previously ruled, "a factual basis is established when counsel stipulate on the record to facts in the criminal complaint." *Id.* at ¶ 21.

¶ 14. In essence, Black urges us to overturn this rule and find that a circuit court cannot find a factual basis for a plea in the complaint alone. We find no law in support of Black's position. To be sure, a circuit court may look beyond the complaint to the record in a Wis. Stat. § 971.08(1)(b) factual basis inquiry, but Black does not cite any authority that requires a circuit court to do so. We decline to hamstring circuit courts by overturning our precedent and ruling that they may not find a factual basis for a plea in the complaint. Moreover, we decline to rewrite § 971.08(1)(b) as requiring the circuit judge to conduct a mini-trial at every plea hearing to establish that the defendant committed the

crime charged beyond a reasonable doubt. If the facts as set forth in the complaint meet the elements of the crime charged, they may form the factual basis for a plea.

¶ 15. Black counters that the proposal he urges would not have burdened the circuit court in the present case. The circuit court, Black argues, would have merely had to ask him "a few brief questions," which would have resolved the matter of whether he possessed the pistol. Black's argument, however, collapses under scrutiny. First, it misapprehends the nature of a no contest plea. A no contest plea:

> differs from a plea of guilty in its collateral effects. Because a plea of guilty is an unqualified express admission by the defendant it may be used against him in a collateral or subsequent civil action; but a plea of *nolo contendere* [no contest] is not such an admission against interest and may not be used in a subsequent or collateral civil action for that purpose.

*Lee v. State Bd. of Dental Exam'rs*, 29 Wis. 2d 330, 334, 139 N.W.2d 61 (1966). A criminal defendant, by pleading no contest, declines to exercise his or her right to put the State to their burden of proving him guilty beyond a reasonable doubt, but does not admit unqualified guilt. Perhaps the defendant is concerned about possible collateral effects; perhaps the defendant does not want to make an admission of guilt. Regardless, when a defendant enters a no contest plea, he or she is not required to admit his or her guilt to every charge, which is precisely the advantage of entering a no contest plea instead of a guilty plea. Accordingly, the circuit court need not ask the defendant to admit his or

her guilt to every charge.[3] Even so, a no contest plea is "an implied confession of guilt for the purposes of the case to support a judgment of conviction and in that respect is equivalent to a plea of guilty." *Id.* Therefore, Black's no contest plea—coupled with the questionnaire and the colloquy—was sufficient to support his conviction of the second charge, as long as the facts set forth in the complaint met the elements of the offense.

¶ 16. Moreover, there is no factual matter that needed to be resolved here. As further delineated below, even though the complaint utilizes the verb "handled" rather than the verb "touched," both could indicate that Black possessed the pistol, contrary to Wis. Stat. § 941.29(2)(a). Nonetheless, a factual basis for a plea exists if an inculpatory inference can be drawn from the complaint or facts admitted to by the defendant even though it may conflict with an exculpatory inference elsewhere in the record and the defendant later maintains that the exculpatory inference is the correct one. *See, e.g., State v. Spears,* 147 Wis. 2d 429, 435, 433 N.W.2d 595 (Ct. App. 1988); *In re Guilty Plea Cases,* 235 N.W.2d 132, 145 (Mich. 1975).

---

[3] The dissent accurately notes that "[t]he fact that Black entered a no contest plea rather than a plea of guilty has no bearing on the court's responsibilities under § 971.08(1)." Dissent at ¶ 38. Clearly, in both situations, the circuit court must satisfy itself that a factual basis exists for the plea, as required by Wis. Stat. § 971.08(1). However, asking the defendant to admit his guilt to every charge is only one way—and possibly not an exhaustive way—for the circuit court to satisfy itself "that the defendant in fact committed the crime charged." Wis. Stat. § 971.08(1). In contrast, where the defendant has pled no contest, the circuit court would not ask the defendant to admit his or her guilt to every charge.

This is the essence of what a defendant waives when he or she enters a guilty or no contest plea. Therefore, the circuit judge properly utilized the complaint as a factual basis for the plea, thereby making "such inquiry as satisfies [the court] that the defendant in fact committed the crime charged." Wis. Stat. § 971.08(1)(b).

## B

¶ 17. Black, however, argues that his conduct did not meet the elements of the crime charged, felon in possession of a firearm. Wis. Stat. § 941.29(2)(a). He, as does the court of appeals, relies on the language in Ferguson's letter that he "only touched [the pistol] once looking at it after. . .[Ferguson] purchased it. And at that moment he said to. . .[Ferguson] that. . .[she] didn't need it."[4] According to Black, this language casts doubt upon whether he possessed the firearm as required by § 941.29(2)(a) and, therefore, he should be allowed to withdraw his no contest plea.

¶ 18. Section 941.29(2) of the Wisconsin Statutes states that someone who has been previously convicted of a felony "is guilty of a Class E felony if he or she

---

[4] We note that the court of appeals' majority opinion confused Ferguson's letter with the presentence report. According to the court of appeals, the letter states "that Black only touched it once to look at it, and told [Ferguson] to get rid of it." *State v. Black*, No. 99–0230-CR, unpublished slip op. at ¶ 8 (Wis. Ct. App. May 30, 2000). As the State observed in its brief, the phrase that Black "told her to get rid of it" was not in Ferguson's letter, but rather in the presentence report, which contained Black's version of the facts. Rather than supporting Black's argument, Black's order to Ferguson—that he "told her to get rid of [the pistol]"—would actually bolster the State's position for he was exercising control over the firearm. *See id.* at ¶ 29 (Schudson, J., dissenting).

possesses a firearm. . .subsequent to the conviction for the felony." This crime has two elements: (1) the defendant has been convicted of a felony; and (2) the defendant possessed the firearm. It is undisputed that Black previously has been convicted of a felony; thus, the only question for the circuit court was whether he possessed the firearm.

¶ 19. At the outset, we note the absence of any mens rea[5] requirement in this statute. That is, the statute makes no reference to intent and therefore creates a strict liability offense. *State v. Dundon*, 226 Wis. 2d 654, 664, 594 N.W.2d 780 (1999); *State v. Coleman*, 206 Wis. 2d 199, 207, 556 N.W.2d 701 (1996). As a result, the State is only required to show that the felon "possessed" the firearm with knowledge that it is a firearm. In this context, "possess," according to the legal definition, simply "means that the defendant knowingly had actual physical control of a firearm." Wis JI—Criminal 1343 (1997); *see State v. Loukota*, 180 Wis. 2d 191, 201, 508 N.W.2d 896, (Ct. App. 1993) (determining that this definition of possession was appropriately given and that Wis. Stat. § 941.29(2) does not require ownership, just mere possession). Furthermore, there are no temporal limitations in this statute. It does not specify what length of time a felon must possess the firearm in order to violate the statute. While to some it may seem unduly harsh that a felon who handles a firearm for a brief period violates this statute, such a result comports with the theory of strict liability. As we have explained:

---

[5] *Mens rea* is "[t]he state of mind that the prosecution, to secure a conviction, must prove that a defendant had when committing a crime; criminal intent or recklessness." *Black's Law Dictionary* 999 (7th ed. 1999).

> The basic concept of strict liability is that culpability is not an element of the offense and that the state is relieved of the burdensome task of proving the offender's culpable state of mind. . . .
>
> . . . .
>
> . . .One of the objectives of the legislature in adopting the concept of strict liability in statutes designed to control conduct of many people, such as operating motor vehicles is to assure the quick and efficient prosecution of large numbers of violators.

*State v. Brown*, 107 Wis. 2d 44, 53–54, 318 N.W.2d 370 (1982). The statute at issue here, felon in possession of a firearm, applies to all felons and is designed by the legislature to control their conduct: it aims to prevent felons from possessing firearms. Wis. Stat. § 941.29(2). This is so "because the legislature has determined that felons are more likely to misuse firearms." *Coleman*, 206 Wis. 2d at 210. We have further recognized that this statute is "aimed not at punishment but at protecting public safety through firearm regulation." *State v. Thiel*, 188 Wis. 2d 695, 706–07, 524 N.W.2d 641 (1994). With this goal in mind, the legislature struck a balance between the possibility of a harsh result to an individual felon and the greater good of protecting the public from felons with firearms. We decline to upset this balance by rewriting the statute with an intent requirement. In the present case, the complaint stated that Black "handled the pistol," which is sufficient to show possession because such an action amounts to exercising actual physical control over the firearm, even though it may have been only for a brief period of time.

¶ 20. Black, however, urges us to rewrite the statute by arguing that intent is inherent in the con-

cept of possession. In the present case, Black asserts, he only innocently touched the pistol. For support, he turns to the Wisconsin jury instructions, which state that " '[p]ossession' means that the defendant knowingly had actual physical control of the item." Wis JI—Criminal 920 (1997). From this and the accompanying footnotes, Black blurs and mixes the language to argue that in order "to possess a firearm under Wis. Stat. § 941.29(2)(b) the possessor must have some right or dominion of control over the object or an intent to exercise this control over the weapon." We reject Black's attempt to insert an intent requirement into § 941.29(2)(b). The word "knowingly" in the instruction does not refer to a degree of culpability; rather it refers to conscious possession. *See* Wis JI—Criminal 920 n.1; *Doscher v. State*, 194 Wis. 67, 69, 214 N.W. 359 (1927). With other common possession offenses, such as a narcotics possession offense, the defendant may claim that he or she was unaware that a bag of white powder that he or she handled contained cocaine rather than baking soda. *See United States v. Kottmyer*, 961 F.2d 569, 574 (6th Cir. 1992) (observing that defendant would not have been convicted of possession of cocaine because he would have possessed pure baking soda). Here, however, Black does not claim that what he handled was not a firearm or that he was unaware that it was a firearm. Rather, the implicit thrust of his argument—and Ferguson's letter—is that Black did not touch the pistol with malicious intent. Instead, Black may have only handled the pistol for a brief period and then he may have informed Ferguson that she did not need it.[6] Felon in possession of a firearm, however, precludes him from handling a firearm because of his

---

[6] We construe the facts favorably to Black only to clarify what constitutes possession under the statute, not as a mode of

status as a felon. Under this test, his intention in handling the firearm is irrelevant in determining whether he violated the statute.

¶ 21. That is not to say that in every circumstance where a felon handles a firearm he or she will have violated Wis. Stat. § 941.29(2)(b). A felon who violates § 941.29(2)(b) may be able to assert one of the six privileges enumerated in Wis. Stat. § 939.45 by way of a defense.[7] Indeed, Black attempts to raise § 939.45(6), which allows a defendant who committed a criminal act to claim a defense when his or her "conduct is privileged by the statutory or common law of this state." However, there is no statute or case that Black can cite

---

analysis that courts should employ where a defendant seeks to withdraw his or her plea post-sentencing.

[7] The six privileges under Wis. Stat. § 939.45 in part are:

(1) When the actor's conduct occurs under circumstances of coercion or necessity so as to be privileged under § 939.46 or 939.47; or

(2) When the actor's conduct is in defense of persons or property under any of the circumstances described in § 939.48 or 939.49; or

(3) When the actor's conduct is in good faith and is an apparently authorized and reasonable fulfillment of any duties of a public office; or

(4) When the actor's conduct is a reasonable accomplishment of a lawful arrest; or

(5) . . .

(b) When the actor's conduct is reasonable discipline of a child by a person responsible for the child's welfare. Reasonable discipline may involve only such force as a reasonable person believes is necessary. It is never reasonable discipline to use force which is intended to cause great bodily harm or death or creates an unreasonable risk of great bodily harm or death.

(6) When for any other reason the actor's conduct is privileged by the statutory or common law of this state.

as privileging his handling of the pistol contrary to the strict liability offense created by § 941.29(2)(b).[8] As a result, he does not have a privilege under § 939.45(6).[9]

## III

¶ 22. In conclusion, because the circuit court could utilize the complaint as a factual basis for Black's plea and the facts set forth therein that Black "stated that he handled the pistol" meet the elements of the offense, we hold that there was no erroneous exercise of discretion by the circuit court in denying Black's

---

[8] The dissent correctly notes that the court must satisfy itself that the facts that form the basis of the defendant's no contest or guilty plea constitute the offense charged or do not amount to a defense. Dissent at ¶ 30; see Morones v. State, 61 Wis. 2d 544, 552, 213 N.W.2d 31 (1973). Therefore, it is not the defendant's burden in establishing a privilege on the facts that form the basis of the plea at the plea hearing. But Black now seeks to withdraw his plea; accordingly, he bears the burden to establish by clear and convincing evidence that failure to allow a withdrawal of his plea would result in a manifest injustice. State v. Thomas, 2000 WI 13, ¶ 17, 232 Wis. 2d 714, 605 N.W.2d 836. Furthermore, there is no authority supporting the proposition that handling a firearm amounts to a defense to the crime of felon in possession of a firearm.

[9] The dissent further asserts that "[i]t is not difficult to imagine a myriad of circumstances that would constitute a defense." Dissent at ¶ 28. While that certainly is true, none of the circumstances that may constitute defense are present in the complaint, to which Black pled no contest. Moreover, none of the circumstances that would constitute a defense are in the record. Therefore, although "[t]he court must make an inquiry as to whether the defendant's conduct does not amount to a defense," the facts, as admitted by the defendant, still must give rise to a defense. Dissent at ¶ 30. There are no such facts admitted by Black here.

146

motion to withdraw his plea as to the second count. We therefore reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 23. ANN WALSH BRADLEY, J. *(concurring)*. I agree with the majority that the circuit court conducted an appropriate inquiry under Wis. Stat. § 971.08(1)(b) in accepting Black's plea. I also agree that Black's statement in the complaint satisfies the elements of the crime of felon in possession of a firearm. Accordingly, I join in the majority opinion. I write separately because I feel the majority's characterization of the crime of felon in possession as a strict liability crime overshadows the fact that the crime does indeed require proof of a mental state.

¶ 24. Felon in possession of a firearm requires proof of possession. Possession under Wisconsin law requires that the "defendant knowingly had the item under his actual physical control." Wis JI—Criminal 920; *see also Doscher v. State*, 194 Wis. 67, 69, 214 N.W. 359 (1927). As the majority notes, the "knowingly" requirement means conscious possession. Majority op. at ¶ 20.

¶ 25. What the majority does not clearly explain is that knowledge is a mental state required to establish the offense. *See* Wis. Stat. § 939.23(2). As a crime having a requisite mental state, the crime is not a true strict liability offense. *See Staples v. United States*, 511 U.S. 600, 607–08 n.3 (1994) (explaining that "strict liability" is a misnomer where crime actually requires proof of knowledge). While this court has used the "strict liability offense" in describing the crime of felon in possession of a firearm in the past, these statements

highlighted the lack of a specific intent or the requirement of "culpability or bad purpose" and not the lack of a mental state in its entirety. *See State v. Dundon*, 226 Wis. 2d 654, 664, 594 N.W.2d 780 (1999).

¶ 26. WILLIAM A. BABLITCH, J. *(dissenting)*. I respectfully dissent for two reasons. First, the majority fails to recognize, nor follow, well settled law that at a plea inquiry the court must determine whether the defendant's conduct does not amount to a defense. Second, in relying solely on one sentence in the complaint that the defendant admitted that he "handled" the gun, the circuit court failed to determine whether the facts constitute the offense of felon in possession of a firearm.

## I

¶ 27. It is well settled law in this state that the judge, at a plea inquiry, must determine whether the facts, if proved, "constitute the offense charged and *whether the defendant's conduct does not amount to a defense.*" *Edwards v. State*, 51 Wis. 2d 231, 236, 186 N.W.2d 193 (1971) (emphasis added), cited with approval in *Morones v. State*, 61 Wis. 2d 544, 552, 213 N.W.2d 31 (1973) ("What is required is a sufficient postplea inquiry to determine to the court's satisfaction that the facts, if proved, 'constitute the offense charged and whether the defendant's conduct does not amount to a defense.' "); *see also Broadie v. State*, 68 Wis. 2d 420, 423, 228 N.W.2d 687 (1975). The majority does not cite any of the above cases, much less overrule them.

¶ 28. As pointed out in the majority opinion, there are six privileges that, if present, constitute a defense to this charge, including coercion, necessity,

and defense of persons or property. *See* majority op. at ¶ 21 (citing Wis. Stat. § 939.45). It is not difficult to imagine a myriad of circumstances that would constitute a defense.

¶ 29. The circuit court made no inquiry whatsoever. The circuit court, and the majority, rely solely on the following sentence in the complaint: "Defendant further stated that he had handled the pistol on Monday in Felicia's bedroom, but he doesn't know to who [sic] the gun belonged to." A simple question— "Why did you handle it?" —would have resolved the problem of any defenses. It was not asked.

¶ 30. The majority opinion, in its attempt to deal with possible defenses, acknowledges that a felon may assert one of six privileges to the charge of possession. Majority op. at ¶ 21. However, then the majority states that there is not a statute or a case that Black can cite as privilege, concluding that "As a result, he does not have a privilege." Respectfully, this statement appears to be a non sequitur. I do not understand the point the majority is trying to make, but if the point is that the defendant bears the burden of establishing a privilege, the majority is incorrect. *See Broadie*, 68 Wis. 2d at 423; *Morones*, 61 Wis. 2d at 552; *Edwards*, 51 Wis. 2d at 236. The court must make an inquiry as to whether the defendant's conduct does not amount to a defense.

## II

¶ 31. The gist of the majority opinion is that "handling" amounts to "possession" of a firearm. I disagree.

¶ 32. In *State v. Bodoh*, 226 Wis. 2d 718, 736, 595 N.W.2d 330 (1999), we unanimously upheld a conviction for the negligent handling of a dangerous weapon under Wis. Stat. § 940.24. In defining "handling," we

noted that this word may encompass different meanings, including " 'to operate with the hands; manipulate' " or " '[t]o deal with or have responsibility for; conduct.' " *Id.* at 731 (citation omitted). In comparison, we have held that "possession" requires "some right of dominion or control over the thing possessed." *Schwartz v. State*, 192 Wis. 414, 417, 212 N.W. 664 (1927). Thus, it was error for the court to rely on the mere allegation of "handling" in the complaint in establishing a factual basis because, by itself, this word may encompass conduct that does not rise to the level of dominion or control over the thing possessed.

¶ 33. Further, possession requires that the defendant knowingly have actual physical control of the item. Wis JI—Criminal 1343 (2000). Standing alone, the word "handling" does not provide any indication as to whether Black "knowingly" possessed the firearm. Such possession connotes a defendant's "conscious" possession. *See Doscher v. State*, 194 Wis. 67, 69, 214 N.W. 359 (1927). In other words, as to the nature of one's conduct, "knowingly" requires that, a person is aware that his or her conduct is of that nature. 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 3.5(b) (1986). Again, there is nothing inherent in the word "handling" to show that Black was aware that his conduct constituted actual possession of the firearm. The facts could have displayed a momentary "handling," which may have been too slight or negligible to show conscious possession.

¶ 34. An inquiry into the facts could have also possibly revealed Black's lack of knowledge as to the thing possessed. For example, the firearm could have been contained in a package, and Black's "handling" could have constituted his unsolicited and temporary receipt of the package from Ferguson without his

knowledge of the contents. Such facts would not amount to conscious possession. *Cf. Kabat v. State*, 76 Wis. 2d 224, 229, 251 N.W.2d 38 (1977) (burnt traces of marijuana in a pipe were not sufficient to impute knowledge that the substance contained ingredients of marijuana to sustain a conviction of possession of a controlled substance).

¶ 35. The allegations in the complaint also do not present circumstances that are sufficient to support an inference that Black exercised control over or intended to possess the firearm, i.e., to show constructive possession. *See State v. Allbaugh*, 148 Wis. 2d 807, 812, 436 N.W.2d 898 (Ct. App. 1989) (quoting Wis JI—Criminal 920, Comment (1987)). Mere proximity of Black to the firearm is insufficient to support a finding of possession of the firearm. *Id.* In this case, despite any proximity that Black had to the firearm, the allegations in the complaint do not provide any indication of Black's control over or intent to possess the firearm. In fact, the complaint states that Black claimed no ownership of the firearm. For these reasons, constructive possession was not shown.

¶ 36. I recognize that the circuit court's insufficient inquiry was in all likelihood the result of an overloaded calendar and an effort by a hard-working judge to complete the calendar. However, oversights can occur. This record cannot support the crime charged.

¶ 37. Collectively, these factors show a serious flaw in the fundamental integrity of the plea because the court failed to determine whether the defendant committed the crime charged. *See State v. Thomas*, 2000 WI 13, ¶ 16, 232 Wis. 2d 714, 605 N.W.2d 836. A manifest injustice resulted for the defendant. Withdrawal of Black's plea is necessary to correct the

manifest injustice. *See State v. Johnson*, 207 Wis. 2d 239, 244, 558 N.W.2d 375 (1997). As a result, the court of appeals' decision should be affirmed, and this case remanded with directions to the circuit court to withdraw Black's no contest plea.

¶ 38. Finally, I disagree with the majority opinion's assertion that a circuit court has less of a responsibility to establish a factual basis if the defendant pleads no contest. The majority does not cite any authority for this proposition, and this assertion is in direct contravention of the clear language of Wis. Stat. § 971.08(1). This statute specifically states that "[b]efore the court accepts a plea of guilty *or no contest,* it shall. . .[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged." Wis. Stat. § 971.08(1)(b) (emphasis added). The fact that Black entered a no contest plea rather than a plea of guilty has no bearing on the court's responsibilities under § 971.08(1). *See State v. Higgs*, 230 Wis. 2d 1, 10–11, 601 N.W.2d 653 (Ct. App. 1999) (defendant challenged the factual basis for his no contest plea; the court applied the same standards that exist for a challenge to a guilty plea).

¶ 39. For the reasons stated, I respectfully dissent.

¶ 40. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this dissent.