State of Wisconsin, Plaintiff-Respondent,
v.
Laverne R. Burchard, Defendant-Appellant.
No. 03-2336-CR.
Court of Appeals of Wisconsin.
Opinion Filed: July 1, 2004.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶ 1. PER CURIAM.
Laverne Burchard appeals from a judgment convicting him of three counts of repeated sexual assault of the same child, in violation of Wis. Stat. § 948.025(1) (2001-02).[1] He raises two issues: (1) Whether the trial court correctly denied a motion to suppress his confession; and (2) Whether the trial court properly exercised its discretion by denying his motion to withdraw his no contest plea. We conclude that the confession was properly admitted because it was voluntary. We also conclude that the trial court did not erroneously exercise its discretion by denying Burchard's postconviction motion because the record supports the denial. We affirm.
¶ 2. Burchard contends the trial court erred by allowing his in-custody confession to be used as evidence. He argues the confession was not voluntary because the investigating police officers coerced him into confessing. "Voluntariness is a question of constitutional fact because the determination requires the application of a constitutional standard to uncontroverted facts." State v. Hajicek, 2001 WI 3, ¶14, 240 Wis. 2d 349, 620 N.W.2d 781. "A question of constitutional fact presents a mixed question of fact and law reviewed with a two-step process." Id., ¶15. First, we review the trial court's findings of historical fact under the clearly erroneous standard. Id.; Wis. Stat. § 805.17(2). Then we review the trial court's determination of constitutional fact de novo. Hajicek, 240 Wis. 2d 349, ¶15.
¶ 3. Burchard specifically challenges psychological tactics the police used during the interrogation. He argues that the police used "extensive tactics to exert psychological pressure on Burchard." The officers told Burchard that his youngest victim's life would be ruined unless Burchard confessed because the police would have to accuse the boy of lying. The trial court determined that these tactics were proper, though the police may have, at times, gone "somewhat beyond the scope of what normally occurs."
¶ 4. Police may use some psychological tactics when seeking a statement from a suspect. They are "allowed to play on a suspect's ignorance, his anxieties, his fears, and his uncertainties." United States v. Rutledge, 900 F.2d 1127, 1130 (7th Cir. 1990). Investigators, however, may not "magnify those fears, uncertainties, and so forth to the point where rational decision becomes impossible." Id. Here, the investigating officers did not cross the bounds of propriety. They explained that the youngest victim's life would be ruined because he would not get the psychiatric help he needed if Burchard denied ever harming him. Burchard agreed with the officers.
¶ 5. Burchard argues that the interviewing officers promised him leniency in return for his confession. He contends that the investigators suggested he would receive psychological help if he admitted the charges were true. Burchard also argues that the two-and-a-half-hour interrogation was inappropriately long and that it resembled "an effective high pressure sale."
¶ 6. Voluntariness of a confession is based upon the totality of the circumstances. State v. Jarrell C.J., 2004 WI App 9, ¶13, 269 Wis. 2d 442, 674 N.W.2d 607. This involves balancing the personal characteristics of the defendant against the pressures imposed upon the suspect by investigators. Id. Promises or threats are factors to be considered in the voluntariness inquiry. State v. Knapp, 2003 WI 121, ¶98, 265 Wis. 2d 278, 666 N.W.2d 881. Other factors to be considered under the totality of the circumstances inquiry include:
[T]he individual's age, maturity, intelligence, education, experience, ability to understand, and presence of ... counsel as well as the defendant's physical and emotional condition ....
[T]he length of the questioning, any delay in arraignment, the general conditions under which the statements took place, any excessive physical or psychological pressure brought to bear on the defendant, any inducements, threats, methods or strategies used by the police to compel a response, and whether the defendant was informed of the right to counsel and right against self-incrimination.
Jarrell C.J., 269 Wis. 2d 442, ¶13 (quoting State v. Hoppe, 2003 WI 43, ¶39, 261 Wis. 2d 294, 661 N.W.2d 407).
¶ 7. The trial court concluded the interrogation techniques were appropriate and not unreasonable for a man of Burchard's age, maturity, intelligence, education, and experience with law enforcement. Based on the totality of the circumstances, the trial court determined that the confession was voluntary and admissible. We agree. The interview was relatively long but was punctuated by several breaks. It took place in a typical interrogation room of adequate size. The police informed Burchard of his rights. Burchard did not request counsel or ask to stop the interrogation. The officers were sensitive to Burchard's emotions and gave him tissues when he became emotional, though he did not appear overly emotional or nervous. The officers were in plain clothes and did not carry weapons, and they did not restrain Burchard in any way. The police did not make physical threats or make explicit promises to Burchard. The trial court correctly denied Burchard's motion to suppress.
¶ 8. The second issue Burchard raises pertains to the denial of a post-conviction motion to withdraw his no contest pleas. Burchard argues the trial court erred by not informing him that a no contest plea admits all the facts in the criminal complaint. He contends the trial court's statement, "You're not necessarily saying that you're guilty, but you're not asserting you're innocent or not guilty on these charges," misled Burchard to believe that his plea was "consistent with a continued denial of guilt."
¶ 9. A defendant who moves to withdraw a plea after sentencing must establish by clear and convincing evidence that letting the plea stand would result in a manifest injustice. State ex rel. Warren v. Schwarz, 219 Wis. 2d 615, 635-36, 579 N.W.2d 698 (1998). The defendant must show a "serious flaw in the fundamental integrity of the plea" to demonstrate that a manifest injustice would result. State v. Nawrocke, 193 Wis. 2d 373, 379, 534 N.W.2d 624 (Ct. App. 1995).
¶ 10. The trial court determined Burchard did not prove a manifest injustice. A court's decision to permit a defendant to withdraw a plea is a matter of discretion, subject to the erroneous exercise of discretion standard of review. State ex rel. Warren, 219 Wis. 2d at 635. We will find an erroneous exercise of discretion if the trial court failed to exercise its discretion, if the facts fail to support the trial court's decision, or if the trial court applied the wrong legal standard. State v. Black, 2001 WI 31, ¶9, 242 Wis. 2d 126, 624 N.W.2d 363.
¶ 11. Wisconsin Stat. § 971.08(1)(a) provides a trial court must "address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted." The trial court questioned Burchard in detail to ensure that he was aware of the nature of the charges against him and of his potential punishment. Burchard said he understood that his plea would result in convictions for each count. He read and discussed the plea questionnaire/waiver with his attorney.
¶ 12. We conclude the facts found by the trial court support the denial of Burchard's motion to withdraw his plea. The trial court explained to Burchard that the plea questionnaire/waiver Burchard signed is designed to ensure that defendants understand their pleas. Burchard said he understood the waiver and had discussed it with his attorney. Burchard's responses to the trial court's questions indicated that he fully understood the nature of the charges against him and his potential punishment. The preferable practice is for a trial court to explain to a defendant that a no contest plea is the equivalent of a plea of guilty in criminal proceedings, but the trial court's phrasing, "You're not necessarily saying that you're guilty, but you're not asserting you're innocent or not guilty on these charges." was not incorrect or inadequate. See, e.g., State v. Trochinski, 2002 WI 56, ¶11, n.6, 253 Wis. 2d 38, 644 N.W.2d 891 (court's statements that if defendant pled no contest, it would find him guilty of the charge, and if defendant did not dispute the claim, then it would "take the claim as so" were adequate). The trial court did not erroneously exercise its discretion by denying Burchard's motion.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.