State of Wisconsin, Plaintiff-Appellant,
v.
Corey O. Mackin, Defendant-Respondent.
State of Wisconsin, Plaintiff-Appellant,
v.
David W. Hoppe, Defendant-Respondent.
Nos. 04-1890-CR, 04-1891-CR
Court of Appeals of Wisconsin.
Opinion Filed: March 29, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1 PER CURIAM.
The State appeals orders quashing the bindovers and dismissing the complaints that charged Corey Mackin and David Hoppe with burglary and theft as parties to a crime. The court ruled that the only evidence presented at the preliminary examination was inadmissible. Because we conclude the trial court based its discretionary evidentiary decision on an erroneous understanding of the law, we reverse the orders and remand the matter for further proceedings.[1]
¶ 2 The complaints alleged Mackin, Hoppe and Shane Bowman burglarized a store and stole $13,500 in cash and checks. Three years after the burglary, in a telephone conversation with detective Darren Laskowski, Bowman implicated himself, Mackin and Hoppe in the crime. All three were charged with burglary and theft.
¶ 3 At the preliminary examination, the State called Bowman as a witness. He exercised his Fifth Amendment right and refused to testify. The court, Judge Larry Jeske presiding, declared Bowman unavailable and allowed Laskowski to testify to Bowman's statements implicating all three defendants. On the basis of that testimony, Mackin and Hoppe were bound over for trial.
¶ 4 Mackin and Hoppe were granted substitution of Judge Jeske and the cases were assigned to Judge Richard Delforge. Mackin and Hoppe then moved to vacate the bindovers and dismiss the complaints on the grounds that Bowman's statements were inadmissible hearsay and violated their right to confront witnesses. The court granted the motions, ruling that the hearsay exception for statements against penal interest under WIS. STAT. § 908.045(4)[2] is not "firmly rooted and therefore there must be a showing of particularized guarantees of the statement's trustworthiness" considering the totality of the circumstances in which the statement was made. The court found Bowman's statement self-serving in part as he sought to mitigate the impact of his crime by implicating others and the statement lacked particular guarantees of trustworthiness.
¶ 5 Although the trial court did not cite any law or explain the significance of its rulings, its language suggests its ruling was based on the confrontation clause. The discussion of "firmly rooted" hearsay objections and "particularized guarantees of trustworthiness" mirrors the language of confrontation clause cases. See Crawford v. Washington, 541 U.S. 36, 66 (2004); Lilly v. Virginia, 527 U.S. 116, 124-25 (1999). The confrontation clause, however, does not apply to preliminary examinations. See State v. Padilla, 100 Wis. 2d 414, 425-26, 329 N.W.2d 263 (Ct. App. 1982). The only right to confront witnesses at a preliminary examination is the statutory right to question witnesses who actually testify. Id. at 424. Because the trial court did not decide the admissibility of Laskowski's testimony purely on the basis of the hearsay rules without resort to confrontation clause analysis, we remand the matter for a ruling on that basis.
¶ 6 Mackin argues that Bowman's statement is only admissible against himself and this court should limit its use pursuant to WIS. STAT. § 901.06. A statement against penal interest can be introduced against accomplices depending on factors that bear on its trustworthiness. See Williamson v. United States, 512 U.S. 594, 602-05 (1994). The trial court should consider each part of Bowman's statement to determine whether a reasonable person in his position would have made the statement unless he believed it to be true. Id. at 603-04. The court should consider the fact that Bowman was not in custody and was merely interviewed over the telephone, and should review each of his assertions to determine whether they display an effort to spread or shift the blame to others or curry favor with the police or prosecutor. The determination of whether each part of Bowman's statement is admissible should be made by the trial court because this court should not exercise discretion for the trial court. See Barrera v. State, 99 Wis. 2d 269, 282, 298 N.W.2d 820 (1980).
By the Court.  Orders reversed and cause remanded for further proceedings.
NOTES
[1] See State v. Olson, 217 Wis. 2d 730, 737, 579 N.W.2d 802 (Ct. App. 1998) (whether to admit or exclude evidence is within trial court's sound discretion); State v. Black, 2001 WI 31, ¶ 9, 242 Wis. 2d 126, 629 N.W.2d 363 (the trial court erroneously exercises discretion when it applies the wrong legal standard.)
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.