State of Wisconsin, Plaintiff-Respondent,
v.
John R. Holsonback, Defendant-Appellant.
No. 2006AP389-CR.
Court of Appeals of Wisconsin, District III.
August 1, 2006.
¶1 CANE, C.J.[1]
John Holsonback appeals a judgment convicting him of retail theft, contrary to WIS. STAT. § 943.50(1m)(b), as a repeater. He also appeals an order denying his postconviction motion to withdraw his plea. He contends the court failed to ascertain that there was a factual basis for the retail theft charge. This court affirms the judgment and order.
¶2 Holsonback pled no contest to retail theft as a repeater. At his plea hearing, he submitted a completed plea questionnaire and waiver of rights form, part of which states, "I understand that if the judge accepts my plea, the judge will find me guilty of the crime(s) to which I am pleading based upon the facts in the criminal complaint and/or the preliminary examination and/or as stated in court." Referring to the plea questionnaire and waiver of rights form, the court stated to Holsonback, "[i]t indicates that you're prepared to enter a plea of no contest to the misdemeanor retail theft charge with the repeater allegation, as set forth in the criminal complaint." The court then asked Holsonback if he pled no contest, to which he responded affirmatively.
¶3 The court proceeded with a standard plea colloquy, concluding with, "I accept his plea of no contest, and on the facts set forth in the criminal complaint forming a basis for that plea I adjudge the defendant guilty of misdemeanor retail theft as a repeater." The court proceeded to sentencing, during which both parties made references to facts, which apparently came from the complaint. For example, referencing the complaint, Holsonback's attorney mentioned that Holsonback did not steal a DVD recorder, but instead was returning that item.[2] His attorney also refers to the fact that the two items stolen only had a combined value of $299.98. The prosecutor referred to a threat made by Holsonback to the retailer's employees, prefacing her comment by stating, "in reading the factual basis." The court, before pronouncing sentence, made the following comment, "we're dealing with [retail theft] under some rather unusual circumstances at least in terms of how it went down, but retail theft nonetheless."
¶4 This court reviews whether the circuit court properly denied Holsonback's motion to withdraw his plea under the erroneous exercise of discretion standard. See State v. Black, 2001 WI 31, ¶9, 242 Wis. 2d 126, 624 N.W.2d 363. This court will infer an erroneous exercise of discretion only where the record shows that the court failed to exercise its discretion, the facts fail to support the court's decision, or the court applied the wrong legal standard. Id. To withdraw his plea after sentencing, Holsonback was required to establish, by clear and convincing evidence, that failure to permit him to do so would result in a manifest injustice. Id.
¶5 Before accepting a plea of guilty or no contest, a court must make such inquiry as satisfies it that the defendant in fact committed the crime charged. WIS. STAT. § 971.08(1)(b). This "factual basis requirement" protects defendants who plead voluntarily with an understanding of the nature of a charge, but who do not realize that their conduct does not fall within the charge. State v. Thomas, 2000 WI 13, ¶14, 232 Wis. 2d 714, 605 N.W.2d 836. A manifest injustice occurs when the court fails to establish that a factual basis exists for a defendant's crimes. Black, 242 Wis. 2d 126, ¶11.
¶6 The two cases relied upon by the parties are Thomas and Black. In Thomas, our supreme court addressed the extent to which a defendant must admit the facts of a crime charged in order to accept the factual basis underlying a guilty plea. Id., ¶18. The court held that a defendant need not admit the factual basis in his or her own words and that counsel's statements could suffice. Id. The court also held that, when reviewing a motion to withdraw a guilty plea, a court may look at the totality of the circumstances to determine whether the defendant agreed to the factual basis. Id. The totality of the circumstances includes not only the plea hearing record, but the record in its totality. Id., ¶23.
¶7 In Black, our supreme court addressed the extent to which a complaint could be relied upon as a factual basis in the context of a no contest plea. Id., ¶¶12-15. In that case, defense counsel stipulated to the use of the facts in the complaint as a factual basis, and the court rejected the argument that courts must conduct further inquiry of defendants in that circumstance. Id., ¶¶13-14. The Black court also recognized that a court's obligations under WIS. STAT. § 971.08(1) are the same for guilty and no contest pleas, though it noted that some mechanisms for ascertaining a factual basis for a guilty plea would not be appropriate for a no contest plea.[3]Id., ¶15 n.3. The court reiterated the proposition stated in Thomas that factual basis determinations are not required to be conducted in any particular manner. Thomas, 232 Wis. 2d 714, ¶21.
¶8 In this case, unlike Thomas or Black, Holsonback's counsel did not formally stipulate to a factual basis.[4] It is apparent, however, that the court used the allegations of the complaint as a factual basis and that the State and defense counsel understood the complaint to provide the factual basis. While defense counsel stated that one of the three items in the complaint was not stolen, counsel did not dispute the other two items mentioned in the complaint, stating "this is a retail theft involving two items with a combined value of $299.98." Further, Holsonback, by signing the plea questionnaire and waiver of rights form, acknowledged that the court would use the facts of the complaint as a factual basis. The complaint was the only version of the facts in the record. There was no preliminary hearing, and neither party offered an alternative factual basis. Neither party objected to each other's references to the allegations of the complaint, nor does Holsonback now claim that those allegations were insufficient to constitute retail theft.[5] Under the totality of the circumstances, there was no manifest injustice, and the court properly denied Holsonback's motion to withdraw his plea.
By the Court.  Judgment and order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] It is not clear from the complaint that the DVD recorder was alleged to be stolen. The DVD recorder was returned by Holsonback the previous day under suspicious circumstances. He then returned the next day and was caught attempting to leave the store without paying for two other items.
[3] For example, a court would not ask a defendant pleading no contest to admit guilt. State v. Black, 2001 WI 31, ¶15 n.3, 242 Wis. 2d 126, 624 N.W.2d 363.
[4] In State v. Thomas, 2000 WI 13, ¶25, 232 Wis. 2d 714, 605 N.W.2d 836, the State and defense counsel stipulated to a factual basis, which was read by the assistant district attorney from the complaint.
[5] The basic allegations of the complaint are as follows. A ShopKo employee received a phone call from Holsonback, who claimed his gift card had been stolen. The ShopKo employee ran a search that indicated the gift card had not been used since it was stolen. The card had been created the previous day for a no-sales-receipt refund of a DVD recorder. The employee found this suspicious, because of the high dollar amount. He then looked at a video of the transaction, and observed a male entering the store with a DVD recorder. The employee attempted to call Holsonback, who had given him an incorrect phone number. He then saw the same man who was in the previous day's videotape leaving the store with a DVD/VCR combo unit and a home theater system without going through the checkout line. Two ShopKo employees then confronted the man in the parking lot, asking him to come inside and discuss the problem. The man told them, "You guys walk in front of me," also stating, "go ahead and touch me, I dare you." The man then produced a receipt that was for the previous day, said "Fuck this," and ran. A ShopKo employee later identified the man as Holsonback, using a photograph provided by police.