COURT OF APPEALS
DECISION
DATED AND FILED

July 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1112-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF116

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

DENNIS J. TIMS,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Clark County: NICHOLAS J. BRAZEAU, JR. and DANIEL S. DIEHN, Judges. *Affirmed.*

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Dennis Tims, pro se, appeals a judgment of conviction for two counts of repeated physical abuse of a child, causing bodily harm.  He also appeals the circuit court's order denying his motion for postconviction relief.[1]  We affirm.

¶2    Tims was initially charged with two counts of repeated physical abuse of a child with a high probability of great bodily harm and two counts of mental harm to a child.  The charges were based on allegations relating to two children in Tims' care.

¶3    After Tims was appointed counsel, the case was resolved by plea agreement.  Tims agreed to plead no contest to two amended counts of repeated physical abuse of a child, causing bodily harm, and the State agreed that the mental harm counts as well as additional counts in two other cases would be dismissed and read in at sentencing.

¶4    Prior to sentencing, while Tims was still represented by counsel, he moved to withdraw his pleas.  The circuit court denied the motion.  The court sentenced Tims to seven years of initial confinement and five years of extended supervision on each of his two convictions, with the sentences to be served consecutively to one another.

¶5    Tims file a pro se motion for postconviction relief, raising multiple claims.  The circuit court scheduled an evidentiary hearing, and Tims appeared with postconviction counsel.  Counsel informed the court that Tims intended to

---

[1] The Honorable Nicholas J. Brazeau, Jr., presided over the trial and entered the judgment of conviction.  The Honorable Daniel S. Diehn entered the order denying Tims' postconviction motion.

narrow his claims to two claims for ineffective assistance of trial counsel. The witnesses at the evidentiary hearing included Tims and two attorneys who had represented him in the earlier circuit court proceedings. The court made factual findings, rejected Tims' claims for ineffective assistance of counsel, and denied Tims' postconviction motion.

¶6 Tims now appeals pro se.

¶7 As an initial matter, we note that Tims' briefing does not comply with this court's briefing rules. The briefing consists largely of disjointed assertions that raise numerous possible arguments without meaningfully developing one or more of these arguments. For this reason alone, we could affirm the circuit court. Although this court makes some allowances for pro se litigants, "[w]e cannot serve as both advocate and judge" by developing arguments for a litigant. *See* *State ex rel. Harris v. Smith*, 220 Wis. 2d 158, 164-65, 582 N.W.2d 131 (Ct. App. 1998); *see also* *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999) ("A party must do more than simply toss a bunch of concepts into the air with the hope that either the [circuit] court or the opposing party will arrange them into viable and fact-supported legal theories.").

¶8 However, we will proceed instead to address what appear to be Tims' main intended arguments. For the reasons we explain in the rest of this opinion, none of these arguments persuades us.

¶9 We begin by addressing arguments relating to whether Tims should be permitted to withdraw his pleas based on constitutionally ineffective assistance of trial counsel. These arguments correspond to the claims that the circuit court rejected in the postconviction proceedings.

¶10    To show ineffective assistance of counsel, a defendant must establish both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶11    "[W]hether a person was deprived of the constitutional right to the effective assistance of counsel presents a mixed question of law and fact." *State v. Mayo*, 2007 WI 78, ¶32, 301 Wis. 2d 642, 734 N.W.2d 115. "The circuit court's findings of fact … will be upheld unless they are clearly erroneous." *Id.* (quoted source omitted). "Whether counsel's performance was deficient and prejudicial to [the] defense is a question of law that we review de novo." *Id.*

¶12    Here, Tims makes two claims for ineffective assistance of counsel, one relating to a child protective services (CPS) report and the other relating to digital discovery. We address each claim in turn.

¶13    Tims first argues that counsel was ineffective when counsel moved for plea withdrawal prior to sentencing because counsel failed to use the CPS report to support the motion.[2] According to Tims, the CPS report included new information that was not known to the defense at the time of his pleas, and the

---

[2] Tims also appears to make a closely related, secondary argument that successor counsel was ineffective by not filing a new plea withdrawal motion using the CPS report. Our analysis in the text applies equally to this secondary argument.

report supported a claim of innocence because it showed that investigating officers did not observe injuries to confirm the abuse allegations.

¶14 The State counters that Tims' ineffective assistance claim based on the CPS report is defeated by the circuit court's postconviction factual findings. We agree with the State.

¶15 The circuit court found that the information in the CPS report was not new information to the defense. Rather, the CPS report was derived from police reports that had already been provided to the defense. The court's findings also show that the court rejected Tims' characterization of the report as supporting a claim of innocence.

¶16 Tims does not show that these finding by the circuit court are clearly erroneous. Moreover, the record before us includes the CPS report, and we agree with the court that the report is not exculpatory. The CPS report indicates that the investigating officers observed injuries to the child victims that were consistent with some of the specific abuse allegations against Tims. The officers observed injuries included welts on the victims' backs allegedly resulting from blows delivered by Tims with a metal broomstick. Although the CPS report indicates that the officers did not observe additional injuries that could have confirmed additional abuse allegations, this does not establish that these additional allegations were untrue. Further, the CPS report includes other inculpatory details, including allegations that Tims had been abusing the victims for several years, "as long as the kids [could] remember."

¶17 Based on the circuit court's findings relating to the CPS report, we conclude that Tims has not shown that trial counsel performed deficiently by failing to use the CPS report to support a motion for plea withdrawal. Based on

5

the same findings, we also conclude that Tims has not shown that he was prejudiced by counsel's performance in this respect.

¶18 Tims next argues that trial counsel was ineffective by not providing Tims with digital discovery, including in particular police body camera video recordings. Tims maintains that the video recordings show that he was falsely accused because one or more family members can be heard on the recording admitting that they were setting him up. According to Tims, if he had personally viewed these video recordings prior to entering his pleas, he would not have accepted the State's plea offer and would have taken his case to trial.

¶19 The State counters that Tims' ineffective assistance claim relating to the video recordings, just like his claim relating to the CPS report, is defeated by the circuit court's factual findings based on the evidence at the postconviction hearing. We agree with the State.

¶20 Tims' attorneys who testified in the postconviction proceedings said that they offered to show Tims the digital discovery and that Tims declined the offer or said that he did not want to see it. Although Tims testified differently, the circuit court's factual findings show that the court did not credit Tims' testimony on this point. When, as here, there is conflicting testimony, credibility findings are left to the circuit court as part of the factfinding process. *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979). Based on the court's findings here, Tims cannot show that counsel performed deficiently by failing to provide Tims with the digital discovery.

¶21 Moreover, as the State points out, the record before us does not include the video recordings in question, and Tims, as the appellant, is responsible for ensuring a complete record. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26,

496 N.W.2d 226 (Ct. App. 1993). "[W]hen an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling." *Id.* at 27. Here, this means that we must assume that the content of the video recordings supports the court's conclusion that Tims has not shown ineffective assistance of counsel.

¶22 Having addressed and rejected Tims' claims for ineffective assistance of counsel, we turn to other arguments that Tims appears to be making. The State identifies six such arguments, and it contends that each of these arguments should be rejected on one or more grounds. We agree. We address each of the arguments in the paragraphs that follow, and for each argument we provide one or more reasons for rejecting the argument. This is not to say that these are the only reasons that would support rejection of the arguments.

¶23 Tims' first argument is that he should be permitted to withdraw his pleas because he is innocent and was set up by his family. We reject this argument because Tims does not point to evidence showing that he is innocent or to authority for the proposition that the mere assertion of innocence is grounds for plea withdrawal. A no-contest plea generally "constitutes a waiver of nonjurisdictional defects and defenses." *State v. Bangert*, 131 Wis. 2d 246, 293, 389 N.W.2d 12 (1986).

¶24 Tims' second argument is that the circuit court failed to ascertain a factual basis for his pleas. This argument lacks merit. The court may fulfill its duty to establish a factual basis through a variety of methods. *State v. Black*, 2001 WI 31, ¶¶11-14, 242 Wis. 2d 126, 624 N.W.2d 363. Here, the court fulfilled this duty by confirming that the State was relying on the criminal complaint and prior

hearings for a factual basis and by then eliciting from Tims personally that Tims was stipulating that there was a factual basis for his pleas.

¶25    Tims' third argument is that the State committed a **Brady**[3] violation by withholding the CPS report.  We reject this argument because, as we now explain, even if the State failed to timely disclose the CPS report, Tims has not satisfied the test for a **Brady** violation.

¶26    To establish a **Brady** violation, the defendant must satisfy a three-prong test.  *State v. Wayerski*, 2019 WI 11, ¶35, 385 Wis. 2d 344, 922 N.W.2d 468.  First, "the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching."  *Id.*  Second, "the evidence must have been suppressed by the State."  *Id.*  Third, "the evidence must be material."  *Id.* Evidence is not "material" for **Brady** purposes unless there is a reasonable probability that timely disclosure of the evidence would have produced a different result.  *Id.*, ¶36.

¶27    Here, at a minimum, Tims has not satisfied the first and third prongs of this test.  He has not satisfied the first prong because he has not shown that the CPS report is exculpatory or impeaching.  He has not satisfied the third prong because he has not shown that there is a reasonable probability that he would have pled differently had he known of the CPS report at the time of his pleas.  As noted above, the circuit court found that the information in the CPS report was not new and was derived from police reports that had already been provided to the defense.

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

Based on this finding, it is not plausible to argue that there was a reasonable probability that Tims would have pled differently had he known of the CPS report.

¶28 Tims' fourth argument is that that the circuit court erroneously exercised its discretion at sentencing by relying on improper factors and inaccurate information. This argument is wholly undeveloped and we reject it on that basis. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (explaining that the court of appeals may decline to review issues that are inadequately briefed).

¶29 Tims' fifth argument appears to be that the circuit court violated his First Amendment rights by prohibiting him from having contact with his biological sons. This argument, like Tims' fourth argument, is wholly undeveloped, and we reject Tims' fifth argument on this same basis. *See id.*

¶30 Tims' sixth and final argument is that two circuit court judges who presided in his case were biased against him. According to the State, Tims' assertions of bias are forfeited or, alternatively, outside the scope of this appeal for jurisdictional reasons. Regardless, we conclude that Tims' appellate arguments do not establish a viable claim for judicial bias because "[t]here is a presumption that a judge has acted fairly, impartially, and without prejudice," *State v. Herrmann*, 2015 WI 84, ¶24, 364 Wis. 2d 336, 867 N.W.2d 772, and Tims' arguments are insufficient to rebut that presumption.

¶31 In sum, for all of the reasons discussed above, we affirm the judgment of conviction and the circuit court's order denying postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.